UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.,

    Plaintiff,

vs.

FUJIFILM MEDICAL SYSTEMS U.S.A., INC.,

    Defendant.

Case No. 8:16-cv-01194-MSS-TGW

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant FUJIFILM Medical Systems U.S.A., Inc. ("Fujifilm") hereby moves to dismiss the Complaint filed by Plaintiff University of South Florida Research Foundation, Inc. ("USFRF") insofar as it alleges willful infringement and seeks to recover enhanced damages under 35 U.S.C. § 284 for failure to state a claim upon which relief may be granted.[1]

## CONCISE STATEMENT OF RELIEF REQUESTED

Fujifilm requests an Order dismissing USFRF's allegation of willful infringement and associated prayer for enhanced damages under 35 U.S.C. § 284, as contained in

---

[1] Pursuant to Rule 12(a)(4), Fujifilm intends to serve its responsive pleading within 14 days after notice of the Court's action on the instant motion. FED. R. CIV. P. 12(a)(4); *see also* Wright & Miller Federal Practice and Procedure Civil 3d § 1346 ("the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion"). Fujifilm will obviously comply with any alternative deadline that the Court may impose.

USFRF's Complaint for Patent Infringement (Dkt. No. 1).

## BASIS FOR REQUEST

USFRF's Complaint is devoid of any factual averments, much less those sufficient under Rule 8(a), to support its allegation that Fujifilm's alleged infringement of U.S. Patent No. 6,630,937 ("the '937 patent") has been willful. In particular, USFRF fails to allege that Fujifilm had knowledge of the '937 patent prior to the institution of this action. Thus, USFRF's allegation of willful infringement should be dismissed. Similarly, USFRF's request for treble damages under 35 U.S.C. § 284 should be dismissed. USFRF provides no basis for enhanced damages separate from its fatally deficient allegation of willful infringement.

## MEMORANDUM OF LEGAL AUTHORITY

**I.  INTRODUCTION**

USFRF seeks treble damages but fails to include any facts in its Complaint establishing its entitlement to this remarkable relief. Instead, USFRF ties its request to its conclusory allegation, unsupported by any factual averments, that Fujifilm's alleged infringement has been willful. Under Rule 8(a) and Supreme Court precedent, this allegation is improperly pled and should be dismissed.

**II.  STATEMENT OF THE PERTINENT FACTS**

This is a patent infringement action in which Plaintiff USFRF alleges that Fujifilm infringes the '937 patent, entitled "Workstation Interface for Use in Digital Mammography and Associated Methods."

In its Complaint, USFRF makes the following boilerplate allegations regarding

Defendant's products:

- "Defendant Fujifilm manufactures, or has manufactured, and sells or offers for sale, picture archiving and communication system ('PACS') products, which include digital displays and workstations for medical installations. The products provide interfaces between a medical image and a user incorporating electronic communications, access, and reception of stored digitized medical images, reflecting of a plurality of grayscale values. The product software enables display and control over the grayscale rendition and illumination state of medical images of varying resolution in different spatial configurations. These products are called Synapse PACS by Defendant." Complaint at ¶ 10.
- "Defendant Fujifilm also manufactures, or has manufactured, and sells or offers for sale, digital display and workstation systems for medical installations which provide interfaces between digital mammography images and users. These products incorporate electronic communications, access and reception of stored digitalized mammography images, reflecting a plurality of grayscale values. These products enable display and control over the grayscale rendition and illumination state of the mammographic images of varying resolution in different spatial configurations. These products are included in Defendant's ASPIRE line of products, such as Aspire HD Plus, Aspire CR, Aspire ClearView and Aspire AWSc/MammoAscent AWS-c." Complaint at ¶ 11.

In the listed Counts, the Complaint recites various elements of the claims of

the '937 patent and alleges that the "description" of each claim element "corresponds to" Defendant's products. Complaint at ¶¶ 16-20, 25-27, 32-34, 39-40.

The Complaint concludes each of the listed Counts as follows:

- "The products and systems of Defendant which meet the terms of claim[s] [ ], as set forth above, are not licensed or authorized by Plaintiff and thus infringe claim[s] [ ] of the '937 patent." Complaint at ¶¶ 21, 28, 35, 41.
- "Defendant's infringement of claim[s] [ ] will continue unless enjoined by the Court." Complaint ¶¶ 22, 29, 36, 42.
- "Defendant's infringement of claim[s] [ ] damages the rights of the Plaintiff and should be compensated therefor under the Patent Act, Title 35, U.S.C. §284." Complaint ¶¶ 23, 30, 37, 43.

In the Prayer for Relief, USFRF seeks "[a] judgment that Defendant's various acts of infringement have been willful and deliberate, and therefore, that Plaintiff USFRF is entitled to up to treble damages as provided by 35 U.S.C. § 284." The Complaint does not include any allegation that Fujifilm had knowledge of the '937 patent prior to this action.

### III. APPLICABLE LAW

To meet minimal pleading requirements, a plaintiff must plead a "short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Supreme Court has reiterated, compliance with Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). Claims should be dismissed unless the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). After the Supreme Court's decision in *Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To determine the sufficiency of a complaint to state a claim, the Court should first identify and disregard those allegations that are mere legal conclusions. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Next, the Court should accept as true any well-pleaded factual allegations, and then determine whether those facts plausibly give a right to relief. *See id.* While doing so, the Court need not accept as true mere legal conclusions that are couched as factual allegations. *See id.* at 678 (noting "naked assertion[s]" devoid of "further factual enhancement" will not suffice to overcome a motion to dismiss) (internal citations omitted).

IV.   **ARGUMENT**

USFRF's willful infringement allegation is not properly pled. Under Supreme Court precedent, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). In this case, USFRF fails to include any factual averments

5

that make its claim of willful infringement plausible. For example, USFRF fails to allege pre-suit knowledge of the concerned patent. An alleged infringer must know of a patent in order to willfully infringe it. *See Brandywine Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*, 912 F. Supp. 2d 1338, 1352 (M.D. Fla. 2012) (citing *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010)); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."). Thus, willful infringement allegations cannot stand without plausible factual averments of pre-suit knowledge of the concerned patent. *See, e.g.*, *Brandywine*, 912 F. Supp. 2d at 1353; *Solannex, Inc. v. Miasole*, No. C 11-00171 PSG, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011); *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, C.A. No. 12-1724, 2013 WL 3381258, at *5 (D. Del. July 8, 2013). Here, USFRF does not allege that Fujifilm had knowledge of the '937 patent at any time prior to the initiation of this action. This failure is fatal to USFRF's claim of willful infringement. *See Brandywine*, 912 F. Supp. 2d at 1353.

For similar reasons, USFRF's request for treble damages under 35 U.S.C. § 284 should be dismissed. Enhanced damages under this section are generally reserved for "egregious cases typified by willful misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1934 (2016). In this case, USFRF premises its entitlement to treble damages solely on its allegation of willful infringement. Complaint at p. 11. Because this allegation fails for the reasons set forth above, the Complaint provides no legal or factual basis for USFRF to recover enhanced damages.

## V. CONCLUSION

For the foregoing reasons, Fujifilm respectfully requests this Court enter an Order granting this motion and dismissing USFRF's allegation of willful infringement and its request for enhanced damages under 35 U.S.C. § 284.

DATED:  July 14, 2016

Respectfully submitted,

*/s/David W. Marston Jr.*
David W. Marston Jr.
Florida Bar No. 0111636
Morgan Lewis & Bockius LLP
200 South Biscayne Blvd., Suite 5300
Miami, Florida 33131-2339
Telephone:   305.415.3000
Facsimile:    305.415.3001
david.marston@morganlewis.com

Jitsuro Morishita (admitted *pro hac vice*)
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone:   202.739.3000
Facsimile:    202.739.3001
jitsuro.morishita@morganlewis.com

*Counsel for Defendant*
*FUJIFILM Medical Systems U.S.A., Inc.*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on July 14, 2016 via the Court's ECF system.

/s/ *David W. Marston Jr.*
David W. Marston Jr.