**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.,

       Plaintiff/Counterclaim
       Defendant,

vs.

FUJIFILM MEDICAL SYSTEMS U.S.A., INC.,

       Defendant/Counterclaimant.
_____/

Case No. 8:16-cv-01194-MSS-TGW

JURY TRIAL DEMANDED

**DEFENDANT'S ANSWER, ADDITIONAL DEFENSES AND COUNTERCLAIM TO
PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

     Defendant FUJIFILM Medical Systems U.S.A., Inc., ("FMSU"), by and through its undersigned counsel, hereby files its Answer, Additional Defenses and Counterclaims to the Amended Complaint for Patent Infringement (the "Amended Complaint") filed by the Plaintiff University of South Florida Research Foundation, Inc. ("USFRF").  FMSU specifically denies all allegations not expressly admitted below.

**NATURE OF ACTION**

     1.     It is admitted only that the Amended Complaint purports to state a cause of action for infringement of United States Patent No. 6,630,937 (the "'937 patent") arising under Title 35 of the United States Code, and that a copy of the '937 patent is attached as Exhibit A to the Amended Complaint.  The allegations of this paragraph are otherwise denied.

## THE PARTIES

2. FMSU lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are therefore denied.

3. It is admitted only that FUJIFILM Medical Systems U.S.A., Inc. is a corporation incorporated in the State of New York and headquartered at 419 West Avenue, Stamford, Connecticut 06902. The allegations of this paragraph are otherwise denied.

## JURISDICTION AND VENUE

4. The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that the Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

## THE TECHNOLOGY

6. It is admitted only that copies of figures 2 and 4 of the '937 patent are reproduced in this paragraph. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

## THE ASSERTED PATENT

7. It is admitted only that the '937 patent bears the title "WORKSTATION INTERFACE FOR USE IN DIGITAL MAMMOGRAPHY AND ASSOCIATED METHODS." The '937 patent is a document that speaks for itself and USFRF's characterization of that

document is denied.  FMSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

8. FMSU lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and they are therefore denied.

9. Denied.

## THE ACCUSED SYSTEMS

10. It is admitted that FMSU sells or offers for sale medical system products including digital displays under the SYNAPSE brand.  USFRF's characterization of those products is denied.  To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

11. It is admitted that FMSU sells or offers for sale medical system products including digital displays under the ASPIRE brand.  USFRF's characterization of those products is denied.  To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

12. The marketing literature and website activities referenced in this paragraph are documents that speak for themselves and USFRF's characterization of those documents is denied. To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

13. It is admitted that medical informatics products assigned a SYNAPSE or ASPIRE brand may be found in the webpages www.fujimed.com, http://www.fujifilmusa.com, or http://fujifilm.com/products/medical.  The phrases "digital mammography fujifilm" and "aspire digital mammography" are not sufficiently definite for FMSU to form a belief about the truth of the allegations relating to these phrases and they are therefore denied.

14. FMSU admits that it employs at least one sales representative that sells and/or offers for sale, in this District, the Synapse and/or ASPIRE products identified in paragraphs 10 and 11 of the Amended Complaint.

## COUNT I: ALLEGED INFRINGEMENT OF CLAIMS 1 AND 13-15 OF U.S. PATENT NO. 6,630,937

15. FMSU incorporates by reference its responses to paragraphs 1-14 as if fully set forth herein.

16. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

17. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

18. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

19. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

20. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

21. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

22. Denied.

23. Denied.

## COUNT II: ALLEGED INFRINGEMENT OF
## CLAIM 2 OF U.S. PATENT NO. 6,630,937

24. FMSU incorporates by reference its responses to paragraphs 1-23 as if fully set forth herein.

25. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

26. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

27. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

28. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

29. Denied.

30. Denied.

## COUNT III: ALLEGED INFRINGEMENT OF
## CLAIMS 3,4-12 and 26 OF U.S. PATENT NO. 6,630,937

31. FMSU incorporates by reference its responses to paragraphs 1-30 as if fully set forth herein.

32. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

33. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

34. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

35. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

36. Denied.

37. Denied.

## COUNT IV: ALLEGED INFRINGEMENT OF CLAIM 17 OF U.S. PATENT NO. 6,630,937

38. FMSU incorporates by reference its responses to paragraphs 1-37 as if fully set forth herein.

39. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

40. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

41. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

42. Denied.

43. Denied.

## Demand for Jury Trial

It is admitted that the Amended Complaint sets forth a demand for a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## Prayer for Relief

FMSU denies that USFRF is entitled to any relief whatsoever against FMSU.

6

## ADDITIONAL DEFENSES

Without assuming any burden of proof other than that imposed by operation of law, FMSU asserts the following additional defenses in response to the allegations of the Amended Complaint. FMSU reserves the right to assert additional defenses that may become known through the course of discovery or otherwise.

### FIRST DEFENSE
### (Non-Infringement)

FMSU does not infringe any valid and enforceable claim of the '937 patent under any theory of infringement.

### SECOND DEFENSE
### (Invalidity)

The asserted claims of the '937 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

### THIRD DEFENSE
### (Laches, Waiver, and Estoppel)

USFRF's attempted enforcement of the '937 patent is barred by equitable defenses, including laches, waiver, and estoppel.

### FOURTH DEFENSE
### (Limitation on Damages)

USFRF's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287.

### FIFTH DEFENSE
### (Prosecution History Estoppel)

The claims of the '937 patent are and were limited by amendment, the prior art and/or by the statements made during the prosecution before the United States Patent and Trademark Office such that USFRF is now estopped and/or otherwise precluded from maintaining that the

claims of the '937 patent are of sufficient scope to cover the accused products, either literally or under the doctrine of equivalents.

**SIXTH DEFENSE**
**(Standing)**

On information and belief, USFRF lacks standing to bring this cause of action.

WHEREFORE, FMSU requests that judgment be entered in its favor and against USFRF on USFRF's claims.  FMSU, further requests that:

(a) USFRF's claims be dismissed with prejudice;

(b) This case be found to be exceptional and that FMSU be awarded its costs and expenses, including reasonable attorneys' fees; and

(c) FMSU be awarded such other and further relief as the Court may deem just and proper.

**COUNTERCLAIM**

Defendant/Counterclaimant FUJIFILM Medical Systems U.S.A., Inc. ("FMSU") for its Counterclaim against Plaintiff/Counterclaim Defendant University of South Florida Research Foundation ("USFRF") alleges as follows:

**The Parties**

1. FMSU is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 419 West Ave., Stamford, Connecticut 06902.

2. On information and belief, USFRF is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 3802 Spectrum Blvd., #100, Tampa, Florida 33612.

8

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over USFRF, which has availed itself of this Court by asserting claims of alleged patent infringement in this Court.

5. Venue in this Court is proper under 28 U.S.C. §§ 1391(b)-(c).

### General Allegations

6. The allegations of paragraphs 1 through 5 of this Counterclaim are incorporated herein by reference.

7. On information and belief, USFRF is the owner of U.S. Patent No. 6,630,937 ("the '937 patent").

8. On May 12, 2016, USFRF instituted a suit against FMSU accusing FMSU's Synapse and ASPIRE products of infringing the claims of the '937 patent.

9. FMSU's Synapse and ASPIRE products do not infringe any claims of the '937 patent.

10. Not only are the claims of the '937 patent not infringed by FMSU, but those claims are invalid.

11. In the Complaint and Amended Complaint in this action, USFRF has accused FMSU's Synapse and ASPIRE products of infringing the claims of the '937 patent and, therefore, an actual case or controversy exists between FMSU and USFRF regarding the non-infringement and invalidity of the '937 patent.

## Count I
## Declaration of Non-Infringement

12. The allegations of paragraphs 1 through 11 of this Counterclaim are incorporated herein by reference.

13. FMSU's Synapse and ASPIRE products have not infringed and are not infringing any claim of the '937 patent.

WHEREFORE, FMSU prays for a judgment against USFRF as follows:

(a) a Declaration that FMSU's Synapse and ASPIRE products do not infringe the claims of the '937 patent;

(b) an Order enjoining USFRF, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening FMSU or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '937 patent;

(c) a Declaration that this is an exceptional case, and the award to FMSU of its costs and attorneys' fees; and

(d) the award of such other relief as the Court may deem just and proper.

## Count II
## Declaration of Patent Invalidity

14. The allegations of paragraphs 1 through 13 of this Counterclaim are incorporated herein by reference.

15. The claims of the '937 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112. Therefore, FMSU is entitled to a declaratory judgment that the claims of the '937 patent are invalid.

WHEREFORE, FMSU prays for a judgment against USFRF as follows:

    (a)    a Declaration that the claims of the '937 patent are invalid;

    (b)    an Order enjoining USFRF, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening FMSU or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '937 patent;

    (c)    a Declaration that this is an exceptional case, and the award to FMSU of its costs and attorneys' fees; and

    (d)    the award of such other relief as the Court may deem just and proper.

### Demand for Jury Trial

FMSU demands a trial by jury on all issues herein.

Dated: August 15, 2016

                                          *s/David W. Marston, Jr.*
David W. Marston, Jr.
Florida Bar No. 0111636
Morgan Lewis & Bockius LLP
200 South Biscayne Boulevard – Suite 5300
Miami, Florida 33131 2339
Telephone:     305.415.3000
Facsimile:      305.415.3001
david.marston@morganlewis.com

Jacob A. Snodgrass (Admitted *Pro Hac Vice*)
Jitsuro Morishita (Admitted *Pro Hac Vice*)
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone:     202.739.3000
Facsimile:      202.739.3001
jacob.snodgrass@morganlewis.com
jitsuro.morishita@morganlewis.com

*Counsel for Defendant*
*FUJIFILM Medical Systems U.S.A., Inc.*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on August 15, 2016 via the Court's ECF system.

*s/David W. Marston, Jr.*
David W. Marston, Jr.

DB1/ 88794451.1