**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.,

   Plaintiff/Counterclaim
   Defendant,

vs.

FUJIFILM MEDICAL SYSTEMS U.S.A.,
INC.,

   Defendant/Counterclaimant.
_____/

Case No. 8:16-cv-01194-MSS-TGW

JURY TRIAL DEMANDED

**DEFENDANT/COUNTERCLAIMANT'S AMENDED ANSWER,
ADDITIONAL DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

  Defendant/Counterclaimant FUJIFILM Medical Systems U.S.A., Inc., ("FMSU"), by and through its undersigned counsel, hereby files its Amended Answer, Additional Defenses and Counterclaims to the Amended Complaint for Patent Infringement (the "Amended Complaint") filed by the Plaintiff University of South Florida Research Foundation, Inc. ("USFRF"). FMSU specifically denies all allegations not expressly admitted below.

**NATURE OF ACTION**

  1. It is admitted only that the Amended Complaint purports to state a cause of action for infringement of United States Patent No. 6,630,937 (the "'937 patent") arising under Title 35 of the United States Code, and that a copy of the '937 patent is

attached as Exhibit A to the Amended Complaint. The allegations of this paragraph are otherwise denied.

## THE PARTIES

2. FMSU lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are therefore denied.

3. It is admitted only that FUJIFILM Medical Systems U.S.A., Inc. is a corporation incorporated in the State of New York and headquartered at 419 West Avenue, Stamford, Connecticut 06902. The allegations of this paragraph are otherwise denied.

## JURISDICTION AND VENUE

4. The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that the Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

## THE TECHNOLOGY

6. It is admitted only that copies of figures 2 and 4 of the '937 patent are reproduced in this paragraph. The '937 patent is a document that speaks for itself and

USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

## THE ASSERTED PATENT

7. It is admitted only that the '937 patent bears the title "WORKSTATION INTERFACE FOR USE IN DIGITAL MAMMOGRAPHY AND ASSOCIATED METHODS." The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. FMSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they are therefore denied.

8. FMSU lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and they are therefore denied.

9. Denied.

## THE ACCUSED SYSTEMS

10. It is admitted that FMSU sells or offers for sale medical system products including digital displays under the SYNAPSE brand. USFRF's characterization of those products is denied. To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

11. It is admitted that FMSU sells or offers for sale medical system products including digital displays under the ASPIRE brand. USFRF's characterization of those products is denied. To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

12. The marketing literature and website activities referenced in this paragraph are documents that speak for themselves and USFRF's characterization of those documents is denied. To the extent USFRF's characterization is intended to imply infringement of the claims of the '937 patent, such allegation is denied.

13. It is admitted that medical informatics products assigned a SYNAPSE or ASPIRE brand may be found in the webpages www.fujimed.com, http://www.fujifilmusa.com, or http://fujifilm.com/products/medical. The phrases "digital mammography fujifilm" and "aspire digital mammography" are not sufficiently definite for FMSU to form a belief about the truth of the allegations relating to these phrases and they are therefore denied.

14. FMSU admits that it employs at least one sales representative that sells and/or offers for sale, in this District, the Synapse and/or ASPIRE products identified in paragraphs 10 and 11 of the Amended Complaint.

### COUNT I: ALLEGED INFRINGEMENT OF CLAIMS 1 AND 13-15 OF U.S. PATENT NO. 6,630,937

15. FMSU incorporates by reference its responses to paragraphs 1-14 as if fully set forth herein.

16. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

17. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

18. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

19. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

20. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

21. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

22. Denied.

23. Denied.

### COUNT II: ALLEGED INFRINGEMENT OF CLAIM 2 OF U.S. PATENT NO. 6,630,937

24. FMSU incorporates by reference its responses to paragraphs 1-23 as if fully set forth herein.

25. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

26. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

27. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

28. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

29. Denied.

30. Denied.

### COUNT III: ALLEGED INFRINGEMENT OF CLAIMS 3, 4-12 and 26 OF U.S. PATENT NO. 6,630,937

31. FMSU incorporates by reference its responses to paragraphs 1-30 as if fully set forth herein.

32. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

33. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

34. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

35. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

36. Denied.

37. Denied.

### COUNT IV: ALLEGED INFRINGEMENT OF CLAIM 17 OF U.S. PATENT NO. 6,630,937

38. FMSU incorporates by reference its responses to paragraphs 1-37 as if fully set forth herein.

39. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

40. The '937 patent is a document that speaks for itself and USFRF's characterization of that document is denied. The allegations of this paragraph are otherwise denied.

41. It is admitted only that USFRF did not grant a license to FMSU. The allegations of this paragraph are otherwise denied.

42. Denied.

43. Denied.

### Demand for Jury Trial

It is admitted that the Amended Complaint sets forth a demand for a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### Prayer for Relief

FMSU denies that USFRF is entitled to any relief whatsoever against FMSU.

## ADDITIONAL DEFENSES

Without assuming any burden of proof other than that imposed by operation of law, FMSU asserts the following additional defenses in response to the allegations of the Amended Complaint. FMSU reserves the right to assert additional defenses that may become known through the course of discovery or otherwise.

### FIRST DEFENSE
### (Non-Infringement)

FMSU does not infringe any valid and enforceable claim of the '937 patent under any theory of infringement.

### SECOND DEFENSE
### (Invalidity)

The asserted claims of the '937 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

### THIRD DEFENSE
### (Laches, Waiver, and Estoppel)

USFRF's attempted enforcement of the '937 patent is barred by equitable defenses, including laches, waiver, and estoppel.

### FOURTH DEFENSE
### (Limitation on Damages)

USFRF's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287.

### FIFTH DEFENSE
### (Prosecution History Estoppel)

The claims of the '937 patent are and were limited by amendment, the prior art

and/or by the statements made during the prosecution before the United States Patent and Trademark Office such that USFRF is now estopped and/or otherwise precluded from maintaining that the claims of the '937 patent are of sufficient scope to cover the accused products, either literally or under the doctrine of equivalents.

**SIXTH DEFENSE**
**(Standing)**

On information and belief, USFRF lacks standing to bring this cause of action.

**SEVENTH DEFENSE**
**(Inequitable Conduct)**

The claims of the '937 patent are unenforceable due to inequitable conduct that occurred during the prosecution of U.S. Patent Application No. 10/081,135 ("the '135 application"), which issued as the '937 patent.  Specifically, on at least two separate occasions, individuals owing a duty of candor to the USPTO failed provide the USPTO with material information with the intent to deceive the USPTO.  Specifically, these individuals failed to inform the USPTO:  (i) of a prior art article that anticipates the claims of the '937 patent; and (ii) of a prior art public demonstration of an embodiment of the alleged invention of the '937 patent.  The particulars of each of these instances of inequitable conduct are discussed below.

    **(i)**    **Failing to Inform the USPTO of a Prior Art Article.**

Inequitable conduct occurred when individuals associated with the filing and prosecution of the '135 application failed to disclose a prior art article that anticipated all claims of the '937 patent.  In particular, the individuals identified below failed to cite to the USPTO the article entitled "A workstation interface for ROC studies in digital

9

mammography," SPIE vol. 3031, pp. 440-47 ("the SPIE article"), which was published on May 7, 1997. The SPIE article pre-dates the earliest priority date to which the '135 application may be entitled and was authored by an entity different than the inventive entity. In particular, the article was authored by Himanshu J. Gohel, Maria Kallergi, Michal Vossberg, Marios A. Gavrielides, Laurence P. Clarke, and Jerry A. Thomas. The inventive entity of the '937 patent differs in that Marios A. Gavrielides and Jerry A. Thomas are not identified as inventors. Accordingly, the SPIE article is prior art under pre-AIA 35 U.S.C. § 102(a).

Ms. Maria Kallergi and Messrs. Laurence P. Clarke, Himanshu J. Gohel, and Michal Vossberg are authors of the SPIE article and knew of its existence by way of their authorship. Moreover, because each of these individuals was both an author of the SPIE article and named inventor on the '937 patent, each of these individuals was aware of the high degree of similarity between the SPIE article and the '937 patent. Thus, Ms. Kallergi and Messrs. Clarke, Gohel, and Vossberg committed inequitable conduct by failing to bring the SPIE article to the attention of the USPTO.

Upon information and belief, Mses. Jacqueline E. Hartt and Molly Sauter, and Mr. Anton J. Hopen also knew of the existence of the SPIE article. Each, as representative for the applicant, was involved in the prosecution of the '135 application. Therefore, upon information and belief, these individuals were involved in the drafting of the '135 application. Because the SPIE article pre-dated, and is highly similar to, the '135 application, those who drafted the '135 application, upon information and belief, knew of the existence of, and had access to, the SPIE article. As a result, Mses. Hartt and

Sauter, and Mr. Hopen committed inequitable conduct by failing to bring the SPIE article to the attention of the USPTO.

The SPIE article is "but for" material to the eligibility of all claims of the '937 patent. The SPIE article contains much of the same disclosure as the '937 patent. Many passages of the '937 patent are verbatim, or near-verbatim, copies of passages of the SPIE article. All tables in the SPIE article are reproduced in the '937 patent. Thus, to the extent that the '937 patent specification provides support for any claim under 35 U.S.C. § 112, the SPIE article anticipates that claim. The USPTO Examiner believed that the disclosure in the '937 patent specification provides support for the claims under 35 U.S.C. § 112; otherwise, the patent would not have issued. Thus, the USPTO Examiner would have believed that the SPIE article anticipated the claims. Accordingly, had the USPTO Examiner been aware of the SPIE article, no claim of the '937 patent would have issued.

The single most reasonable inference to draw from the above circumstances is that the SPIE article was withheld from the PTO with the intent to deceive the PTO. The individuals identified above knew that the SPIE article was prior art to the '135 application and contained a disclosure that, in relevant substance, overlaps with the specification of the '135 application. Thus, upon information and belief, these individuals knew that the disclosure of the SPIE article would preclude the patentability of the '135 application. There is no reasonable explanation for the failure to disclose the SPIE article other than deceptive intent.

### (ii)     Failing to Inform the USPTO of a Prior Art Public Demonstration.

Inequitable conduct occurred when individuals associated with the filing and prosecution of the '135 application failed to inform the USPTO of a prior art public demonstration of an embodiment of the alleged invention of the '937 patent.

The demonstration is believed to have occurred in the United States more than one year prior to the earliest priority date to which the '937 patent may be entitled—February 20, 1998. It is believed to have occurred in the United States because all authors of the SPIE article, in which the public demonstration is described, worked in the United States. The SPIE article identifies the Department of Radiology at the University of South Florida in Tampa, Florida as the work location for Ms. Kallergi and Messrs. Gohel, Vossberg, Gavrielides, and Clarke. The SPIE article identifies the Department of Radiology/Nuclear Medicine at the Uniformed Services University of the Health Sciences in Bethesda, Maryland as the work location for Mr. Thomas. As additional information, the public demonstration was funded, in part, from a grant from the Navy Medical Research and Development Command, located in Bethesda, Maryland. The public demonstration is believed to have occurred prior to February 20, 1997 because the demonstration is memorialized in the SPIE article, and the SPIE article was published on May 7, 1997. Upon information and belief, more than two and one-half months passed after the demonstration concluded, the SPIE article was drafted, submitted for publication, accepted for publication, and published.

The following individuals committed inequitable conduct by failing to bring the public demonstration to the attention of the USPTO: Maria Kallergi, Laurence P. Clarke,

Himanshu J. Gohel, Michal Vossberg, Jacqueline E. Hartt, Molly Sauter, and Anton J. Hopen.

Inventors Himanshu J. Gohel, Maria Kallergi, Michal Vossberg, and Laurence P. Clarke were aware of the public demonstration because each authored the SPIE article, and the SPIE article describes the public demonstration. Specifically, in section 4, entitled "Evaluation," the SPIE article describes an evaluation in which three radiologists were given a working embodiment of the system described in the SPIE article. The article proceeds with a description of the use and evaluation of the system by the radiologists.

Jacqueline E. Hartt, Molly Sauter, and Anton J. Hopen also knew of the public demonstration. Each, as representative for the applicant, was involved in the prosecution of the '135 application. Therefore, upon information and belief, these individuals were involved in the drafting of the '135 application. Due to the high degree of similarity between the SPIE article and the '937 patent, those who drafted the '135 application, on belief, knew of the existence of, and had access to, the SPIE article. Each was therefore aware of the public demonstration that is described in the SPIE article.

The failure to bring the public demonstration to the attention of the USPTO was "but for" material to the eligibility of all claims of the '937 patent. Per 35 U.S.C. § 102(b), a patent may not issue where the invention was in public use in the United States more than one year prior to the filing date of the patent application. Accordingly, had the USPTO Examiner been aware of the public demonstration, no claim of the '937 patent would have issued.

The single most reasonable inference to draw from the above circumstances is that the public demonstration was withheld from the USPTO with the intent to deceive the USPTO.  The individuals identified above knew that the public demonstration occurred prior to the '135 application.  Thus, upon information and belief, these individuals knew that the disclosure of the SPIE article would preclude the patentability of the '135 application.  Also telling of deceptive intent is the absence of a description of the demonstration in the '937 patent.  The SPIE article contains much of the same disclosure as the '937 patent.  Many passages of the '937 patent are verbatim, or near-verbatim, copies of passages of the SPIE article.  All tables in the SPIE article are reproduced in the '937 patent.  Nevertheless, the entire section of the SPIE article in which the public demonstration is described is absent from the '937 patent.  The individuals identified above deliberately withheld the description of the public demonstration from the USPTO.  There is no reasonable explanation for the failure to disclose the public demonstration other than deceptive intent.

WHEREFORE, FMSU requests that judgment be entered in its favor and against USFRF on USFRF's claims.  FMSU, further requests that:

    (a)    USFRF's claims be dismissed with prejudice;

    (b)    This case be found to be exceptional and that FMSU be awarded its costs and expenses, including reasonable attorneys' fees; and

    (c)    FMSU be awarded such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendant/Counterclaimant FUJIFILM Medical Systems U.S.A., Inc. ("FMSU") for its Counterclaims against Plaintiff/Counterclaim Defendant University of South Florida Research Foundation ("USFRF") alleges as follows:

### The Parties

1. FMSU is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 419 West Ave., Stamford, Connecticut 06902.

2. On information and belief, USFRF is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 3802 Spectrum Blvd., #100, Tampa, Florida 33612.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over USFRF, which has availed itself of this Court by asserting claims of alleged patent infringement in this Court.

5. Venue in this Court is proper under 28 U.S.C. §§ 1391(b)-(c).

### General Allegations

6. The allegations of paragraphs 1 through 5 of this Counterclaim are incorporated herein by reference.

7. On information and belief, USFRF is the owner of U.S. Patent No. 6,630,937 ("the '937 patent").

8. On May 12, 2016, USFRF instituted a suit against FMSU accusing FMSU's Synapse and ASPIRE products of infringing the claims of the '937 patent.

9. FMSU's Synapse and ASPIRE products do not infringe any claims of the '937 patent.

10. Not only are the claims of the '937 patent not infringed by FMSU, but those claims are invalid.

11. In the Complaint and Amended Complaint in this action, USFRF has accused FMSU's Synapse and ASPIRE products of infringing the claims of the '937 patent and, therefore, an actual case or controversy exists between FMSU and USFRF regarding the non-infringement and invalidity of the '937 patent.

**Count I**
**Declaration of Non-Infringement**

12. The allegations of paragraphs 1 through 11 of this Counterclaim are incorporated herein by reference.

13. FMSU's Synapse and ASPIRE products have not infringed and are not infringing any claim of the '937 patent.

WHEREFORE, FMSU prays for a judgment against USFRF as follows:

(a) a Declaration that FMSU's Synapse and ASPIRE products do not infringe the claims of the '937 patent;

(b) an Order enjoining USFRF, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise

participating or assisting in infringement litigation, and from threatening FMSU or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '937 patent;

    (c)    a Declaration that this is an exceptional case, and the award to FMSU of its costs and attorneys' fees; and

    (d)    the award of such other relief as the Court may deem just and proper.

## Count II
### Declaration of Patent Invalidity

14.    The allegations of paragraphs 1 through 13 of this Counterclaim are incorporated herein by reference.

15.    The claims of the '937 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.  Therefore, FMSU is entitled to a declaratory judgment that the claims of the '937 patent are invalid.

WHEREFORE, FMSU prays for a judgment against USFRF as follows:

    (a)    a Declaration that the claims of the '937 patent are invalid;

    (b)    an Order enjoining USFRF, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening FMSU or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '937 patent;

(c) a Declaration that this is an exceptional case, and the award to FMSU of its costs and attorneys' fees; and

(d) the award of such other relief as the Court may deem just and proper.

**Count III**
**Declaration of Unenforceability By Reason of Inequitable Conduct**

16. The allegations of paragraphs 1 through 15 of this Counterclaim and the paragraphs set forth in the Seventh Additional Defense are incorporated herein by reference.

17. The '937 patent is unenforceable. Therefore, FMSU is entitled to a declaratory judgment that the '937 patent is unenforceable by reason of the inequitable conduct set forth in detail in the Seventh Additional Defense.

WHEREFORE, FMSU prays for a judgment against USFRF as follows:

(a) a Declaration that the claims of the '937 patent are unenforceable by reason of inequitable conduct;

(b) an Order enjoining USFRF, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening FMSU or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '937 patent;

(c) a Declaration that this is an exceptional case, and the award to FMSU of its costs and attorneys' fees; and

(d) the award of such other relief as the Court may deem just and proper.

## **Demand for Jury Trial**

FMSU demands a trial by jury on all issues herein.

Dated: November 9, 2016

*s/Jacob A. Snodgrass*
David W. Marston, Jr.
Florida Bar No. 0111636
Morgan Lewis & Bockius LLP
200 South Biscayne Boulevard – Suite 5300
Miami, Florida 33131 2339
Telephone: 305.415.3000
Facsimile: 305.415.3001
david.marston@morganlewis.com

Jacob A. Snodgrass (Admitted *Pro Hac Vice*)
Jitsuro Morishita (Admitted *Pro Hac Vice*)
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
jacob.snodgrass@morganlewis.com
jitsuro.morishita@morganlewis.com

*Counsel for Defendant*
*FUJIFILM Medical Systems U.S.A., Inc.*

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on November 9, 2016 via the Court's ECF system.

*s/Jacob A. Snodgrass*
Jacob A. Snodgrass
