# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.

Case No. 8:16-cv-01194-MSS-TGW

       Plaintiff/Counterclaim
       Defendant,

vs.

FUJIFILM MEDICAL SYSTEMS USA,
INC.

       Defendant/Counterclaimant.

---

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff, University of South Florida Research Foundation, Inc. ("USFRF"), pursuant to Rule 12(b)(6) and 15(a)(3) Fed. R. Civ. P. hereby moves to strike the Defendant's Amended Answer and Counterclaims due to the new allegations that relate to inequitable conduct.

In support of its Motion, USFRF relies upon the facts, argument, and authority set forth in its accompanying Memorandum of Law in Support of Motion to Strike.

Pursuant to Local Rule 3.01(g), USFRF sought concurrence in the relief requested in this Motion, but such concurrence was not forthcoming, necessitating the filing of this Motion.

Dated:  November 28, 2016       Respectfully Submitted,

s/ GREGORY A. HEARING
Gregory A. Hearing
Florida Bar No:  817790
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
(813) 273-0050
(813) 273-0072 - Fax
ghearing@tsghlaw.com

John A. Artz (P24679) (Admitted *Pro Hac Vice*)
Franklin M. Smith (P76987) (Admitted *Pro Hac Vice*)
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7200
(248) 433-7274 - Fax
jartzsr@dickinsonwright.com
fsmith@dickinsonwright.com

John K. Harrop (38548) (Admitted *Pro Hac Vice*)
P.O. Box 320171
Alexandria, VA  22320
Telephone: (202) 230-6480
harrop@vapatent.com

*COUNSEL FOR PLAINTIFF/COUNTERCLAIM
DEFENDANT*

2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.

Case No. 8:16-cv-01194-MSS-TGW

     Plaintiff/Counterclaim
     Defendant,

vs.

FUJIFILM MEDICAL SYSTEMS USA,
INC.

     Defendant/Counterclaimant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................................... iv

I.      INTRODUCTION ...........................................................................................1

II.     CONCISE STATEMENT OF RELIEF REQUESTED......................................1

III.    BASIS FOR REQUEST ..................................................................................2

IV.     BACKGROUND AND PERTINENT FACTS ..................................................2

        A.      The Patent In Suit:  United States Patent No. 6,630,937 .........................2

        B.      The Action Against Fujifilm ...................................................................3

        C.      The Amended Answer and Counterclaim.................................................3

                1.      Item 1 – The SPIE Article.............................................................4

                        a)      Intent to Deceive ................................................................4

                        b)      Materiality..........................................................................4

V.      APPLICABLE LAW ......................................................................................6

VI.     ARGUMENT..................................................................................................8

        A.      Defendant's Assertions are Purely Speculative and not Based on Facts or
                Evidence.................................................................................................8

        B.      There are Numerous Legitimate Rationales and Explanations for not
                Advising the USPTO ...............................................................................9

                1.      The SPIE Article and Its Contents Are Not Prior Art................................9

                2.      Alternate Explanations..................................................................9

        C.      An Award of Attorney Fees to Plaintiff is Warranted ...........................10

VII.    CONCLUSION.............................................................................................11

i

**Cases**

*Alps South LLC v. Ohio Willow Wood Co.*, WL 27590 (M.D. Fla 2012)......................... 1, 7, 8, 11

*Pac. Coast Marine Windshields Ltd. v. Malibu Boats*, LLC. WL 4185297 (M.D.
Fla. 2014) .................................................................................................................. 4

*Skyline USA, Inc. v. M.S.A. GA LLC*, WL 12559958 (M.D. Fla. 2015) ......................... 4

*Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011, en
banc).................................................................................................................. passim

*University of Florida Research Foundation, Inc. v. Motorola Mobility, LLC*, WL
1203501 (S.D. Fla. 2013)................................................................................. passim

**Statutes**

28 U.S.C. §1927 ......................................................................................iii, 10, 11, 12

35 USC §102(a) ................................................................................................. 4, 8, 9

35 USC §102(b) ................................................................................................. 4, 8, 9

## STATEMENT OF ISSUES PRESENTED

Should Defendant's Amended Answer and Additional Counterclaim which alleges that Plaintiff has engaged in inequitable conduct be stricken when Defendant has not alleged any facts or evidence to show an intent to deceive by clear and convincing evidence?

     Plaintiff Answers:  Yes

Should Defendant, due to its unreasonable and vexatious conduct in attempting to add a legally and factual deficient inequitable conduct claim, be ordered pursuant to 28 U.S.C. §1927 to pay Plaintiff's attorney fees relative to this Motion?

     Plaintiff Answers:  Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011, en banc)

*University of Florida Research Foundation, Inc. v. Motorola Mobility, LLC*, WL 1203501 (S.D. Fla. 2013)

*Alps South LLC v. Ohio Willow Wood Co.*, WL 27590 (M.D. Fla 2012)

## I.     INTRODUCTION

Plaintiff University of South Florida Research Foundation, Inc. ("USFRF"), files this motion to strike the Defendant's Amended Answer and Counterclaims (Dkt. 35, 11/9/16) due to the newly added allegations of inequitable conduct.  In the Amended Answer, the Defendant erroneously added a new defense and a new counterclaim that seek to render the '937 patent in suit unenforceable due to that alleged misconduct.  The newly asserted claims, however, are not factually sustainable and are clearly and directly prohibited by Federal Circuit precedent and District Courts of this Circuit.  *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011, en banc); *University of Florida Research Foundation, Inc. v. Motorola Mobility, LLC*, WL 1203501 (S.D. Fla. 2013); *Alps South LLC v. Ohio Willow Wood Co.*, WL 27590 (M.D. Fla 2012).  The Defendant's attempt is another example of the "plague" on the patent system that the Federal Circuit criticized and abolished by *Therasense* and should be stricken from the case.

Indeed, Plaintiff made Defendant aware of the precedent prior to filing of its Amended Answer and, thus, Defendant should pay Plaintiff's attorney fees for having to bring this Motion.

## II.     CONCISE STATEMENT OF RELIEF REQUESTED

Plaintiff USFRF requests an Order striking Defendant's newly filed Amended Answer and Counterclaims due to the newly added allegations of Plaintiff's inequitable conduct and the associated prayers for relief.  This newly added defense is Defendant's "Seventh Defense (Inequitable Conduct)" and the newly added Counterclaim is "Count III – Declaration of Unenforceability of Reason of Inequitable Conduct."  (Dkt. 35, pages 9-14 and 18-19.)  Plaintiff also requests reimbursement of its attorney fees in having to respond to this matter.

### III.   BASIS FOR REQUEST

Defendant's newly added Defense and Counterclaim are devoid of any facts sufficient to support its allegation of Plaintiff's inequitable conduct, as *Therasense*, *Alps South* and *Motorola Mobility* all require.  In particular, Defendant fails to allege any facts which prove a threshold level of intent to deceive by clear and convincing evidence.  Thus, Defendant's Seventh Defense and Count III of its Counterclaim should not be allowed to be pled in this case.  Defendant should be required to rely solely on its originally filed Answer, Defenses and Counterclaims (Dkt. 27, filed August 15, 2016).

### IV.   BACKGROUND AND PERTINENT FACTS

### A.   The Patent In Suit:  United States Patent No. 6,630,937

In the mid 1990's, a group of researchers and scientists at the Department of Radiology of the University of South Florida worked on a project for improving the accuracy and speed of analyses of mammography exams.  This research was led by Dr. Maria Kallergi and Dr. Larry Clarke, both noted scientists, researchers and professors.   The project resulted in the development of a unique workstation interface which could evaluate digital mammograms in a much more accurate and faster manner and which was easy to use.

To protect this invention, the inventors filed a Provisional Patent Application on February 20, 1998.  The Provisional Application led to a utility application and ultimately to U.S. Patent No. 6,630,937, issuing on October 7, 2003 ("the '937 Patent").  The '937 Patent was assigned by the inventors to the University of South Florida which then assigned it to the Plaintiff, the University of South Florida Research Foundation, LLC. (Complaint at ¶7-8, Dkt. 3, filed May 13, 2016.)  A copy of the '937 Patent is attached to the Complaint as Exhibit A.  (Dkt. 3-1.)

As it turned out, the digital mammography display and detection invention of the '937 Patent led to significant advances in discovering and diagnosing health concerns in digital mammograms, and thereby significantly improving women's health.  Eventually, the invention of the '937 Patent was copied and utilized by most of the companies in the digital mammography field, including the Defendant along with many other major companies.

### B.      The Action Against Fujifilm

The Defendant's use of the '937 patented invention led to the filing of the Complaint in May 2016 against the Defendant and seeking recovery for its infringement.  (Complaint, Dkt. 3, ¶10-12 and Exhibit B.[1])  The Defendant filed its original Answer and Counterclaim on August 15, 2016 (Dkt. 27.)

### C.      The Amended Answer and Counterclaim

The Defendant has now filed an Amended Answer which includes an additional defense and an additional counterclaim.  In its Amended Answer, Defendant alleges inequitable conduct based on the failure of the inventors to inform the Patent Office of two items:  (1) a SPIE article published in May 7, 1997 naming six authors; and (2) a "prior public demonstration" of an undetermined date, but referenced in the SPIE article.  The Defendant alleges that the Plaintiff (actually the inventors and attorneys for the Plaintiff at that time) failed to disclose these two items to the USPTO "with the intent to deceive the USPTO."

---

[1]   Exhibit B to the Complaint contains examples of Fujifilm's infringing products, such as the Aspire and Synapse products and workstations.

### 1.      Item 1 – The SPIE Article

#### a)      Intent to Deceive

As to Item 1, the Defendant asserts, without any evidence or support, that "the most reasonable influence" is that the SPIE article was withheld from the USPTO with an intent to deceive the USPTO.  This includes the false presumptions that (1) the SPIE article includes two authors not named in the '937 Patent and that these two authors are actually co-inventors and there is no reasonable explanation – except for fraud and deceit – why these two persons were not added as co-inventors, or (2) that the two authors are "others" who knew about the invention before its invention date, and that there is no reasonable explanation – except for fraud and deceit – that this fact was not disclosed to the USPTO.

#### b)      Materiality

Defendant also alleges that the SPIE article is prior art to the '937 Patent because there are six authors named on the article and only four of these individuals are named as inventors on the '937 Patent.  If the same four individuals were the only persons named on both the SPIE article and the '937 Patent, there would not be any dispute that it would not qualify as prior art since the article is well within the one-year safe harbor provided under the pre-AIA 35 USC §102(b) and was published after the invention date under the pre-AIA 35 USC §102(a).[2]  Under the pre-AIA §102(b), the priority date of the '937 Patent, based on a one-year safe harbor from

---

[2]   The American Invents Act ("AIA"), which revised §102(a) and (b), went into effect in September 2012.  The AIA made numerous changes to the statute governing patentability and invalidity, but those changes only apply to patents with effective filing dates on or after March 16, 2013.  Pub L. No. 112-29, §3, 125 Stat. 284, 285-86, 293 (2011)  For patents filed before that date, including the one at issue herein, the previous version of the U.S. Code remains applicable ("Pre-AIA")  *See, Pac. Coast Marine Windshields Ltd. v. Malibu Boats*, LLC. WL 4185297, at *4 n.8 (M.D. Fla. 2014): and *Skyline USA, Inc. v. M.S.A. GA LLC*, WL 12559958 (M.D. Fla. 2015).

the February 20, 1998 filing date of the Provisional Application, is February 20, 1997. This predates the publication of the SPIE article in May 1997. The SPIE article thus is not prior art and cannot anticipate or render invalid any part of the '937 Patent under pre-AIA §102(b) and thus also is not material to the patentability of the '937 Patent. Similarly, the "prior to the invention" limitation set forth in pre-AIA §102(a) – which Defendant fails to mention - prevents the SPIE article from qualifying as prior art or having any relevancy or "but for" materiality relative to the '937 Patent under the Patent Laws as well. If the SPIE article published in May 1997 sets forth the '937 patented invention, as Defendant contends, then it is clear that the article could <u>not</u> have been published <u>prior</u> to the invention. What Defendant is alleging under §102(a) is a practical impossibility, and its assertions on the issue are misleading.

## 2. <u>Item 2 – Alleged Public Demonstration</u>

The second item refers to the fact that the SPIE article indicates that the invention was "evaluated by radiologists." The Defendant assumes - without any evidence or support - that these evaluations were <u>prior art "public" demonstrations</u>, that they <u>must have</u> taken place prior to February 20, 1997, that they <u>should have been</u> disclosed to the Patent Office and that they <u>were not disclosed due to a deceitful intent</u>.

Defendant has no proof of <u>any</u> of these factors. It has no proof that the evaluation by the three radiologists were "public", that the evaluations were prior to February 20, 1997 and thus prior art, or that they "should have been" disclosed to the Patent Office. Most importantly, the Defendant has no facts or evidence that there was any deceitful intent by anyone involved relative to not disclosing this item to the Patent Office.

Despite all of these failures of proof, facts, and evidence, the Defendant erroneously alleges in its Seventh Defense that the "single most reasonable inference" to be drawn by this

situation is that the "public demonstration was withheld from the USPTO with the intent to deceive the USPTO."  The Defendant then follows up this Seventh Defense with Count III of its Amended Counterclaim that alleges in view of this inference "the '937 Patent is unenforceable by reason of the inequitable conduct."

## V.   <u>APPLICABLE LAW</u>

Due to the "expansion and overuse of the inequitable conduct doctrine," the Federal Circuit granted *en banc* review on the issue of when an inequitable conduct defense is appropriate for submission in a patent infringement case.  *Theransense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d, 1276, 1285 (Fed. Cir. 2011, *en banc*).   The Court set out the history relative to the initial use, and subsequent overuse, of this defense and found that it had become "an absolute plague" in patent law.  *Id.* at 1289.  The Court went on to state that despite the seriousness of this defense, since it implicates fraudulent behavior, it was being used in 80% of the cases and was commonly being used on the "slenderest [of] grounds."  *Id*.

As a result, the Federal Circuit held that to be successful on an assertion of inequitable conduct, which has two elements, intent and materiality, each of these elements must be proven separately and independently, and each by <u>clear and convincing</u> evidence.  *Id.* at 1287, 1290. The Court stated that "in a case involving nondisclosure of information, clear and convincing evidence must be shown that the applicant <u>made a deliberate decision</u> to withhold" the information.  *Id*. at 1290 (emphasis added).  This means that the accused infringer must prove by clear and convincing evidence that the applicant knew that certain disclosures needed to be made and made a deliberate decision not to do so.  *Id*.

Evidence of the intent to deceive can, under some circumstances, be inferred from indirect and circumstantial evidence.  *Id.*  However, the Federal Circuit held that in order to meet

the clear and convincing standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence."   And to meet that standard, the evidence "must be sufficient to <u>require</u> a finding of deceitful intent."  *Id*. at 1290 (emphasis added.)

The Court also added that "where there are multiple reasonable inferences that may be drawn, intent <u>cannot</u> be found."  *Id*. at 1290-91.  (Emphasis added.)  In addition, because the party alleging inequitable conduct bears the burden of proof, the Court held that the patentee does not even have to offer a good faith explanation unless the accused infringer proves a "threshold level of intent to deceive by clear and convincing evidence."  *Id*. at 1291.  Indeed, "the absence of a good faith explanation does not, by itself, prove intent to deceive."  *Id*.

The *Therasense* decision was followed by Florida Federal District Courts in *Alps South LLC v. Ohio Willow Wood Co.*, WL 27590 (M.D. Fla. 2012) and in *University of South Florida Research Foundation, Inc. v. Motorola Mobility, LLC,* WL 2043501 (S.D. Fla. 2013).  In *Alps South*, when an attempt to add an inequitable conduct defense and counterclaim was stricken from the case, the Florida District Court applied the Federal Circuit *en banc Therasense* decision and held that they could not be pled on mere assertions of materiality and intent.  Similarly, in *Motorola Mobility*, the Florida District Court followed the *Therasense* decision and denied an accused infringer the right to file an Amended Answer and Counterclaims which tried to introduce inequitable conduct claims.  The Court found that there was no evidence to demonstrate a reasonable influence of a specific intent to deceive, and thus the proposed pleading did not "meet the required pleading standard for an inequitable conduct claim.  *Id*. at *4-5.

# VI.    ARGUMENT

## A.    Defendant's Assertions are Purely Speculative and not Based on Facts or Evidence

The Defendant's attempt to add a new Defense and Counterclaim alleging inequitable conduct fails both legally and factually.  It is another of those allegations which the Federal Circuit characterized as being a "plague" on the patent system.  Most significantly, there is no evidence of any kind of any intent to deceive, let alone any evidence to support an intent to deceive the Patent Office by clear and convincing evidence as required by *Therasense*, *Alps South*, and *Motorola Mobility*.  In addition, there is no proof or facts that the Plaintiff, or anyone associated with it, made a deliberate decision to withhold the SPIE article or its disclosures to the Patent Office.  All of these facts and evidence are required by the legal authorities.

In addition, there is absolutely no evidence which shows that there were not any other reasons or explanations for failing to disclose the SPIE article or its disclosures to the Patent Office.  The "most reasonable inference" is not, and cannot be, an intent to withhold and to deceive.  This reasoning applies most specifically with respect to Defendant's purely speculative assertion that the three radiologists were unassociated members of the public, that they made a public demonstration of the invention, and that they did so prior to a certain date of February 20, 1997.  Defendant cites no tangible evidence supporting any of these assertions.

Moreover, the SPIE article and its disclosures are not "material" in the first place as a matter of law.  Under the applicable legal standards of 35 USC §102(a) and §102(b), the SPIE

8

reference is not prior art and there was no requirement to disclose it to the Patent Office.[3]   In

fact, the Defendant's arguments on this issue are spurious and misleading.

**B.      There are Numerous Legitimate Rationales and Explanations for not Advising the USPTO**

**1.      The SPIE Article and Its Contents Are Not Prior Art**

The most obvious reason for not disclosing the SPIE article is that it and the remark as to

"evaluations" were not prior art in the first place, and thus were not material to patentability and

did not have to be disclosed.  The SPIE article was published in May 1997 which is well within

the one-year safe harbor period set forth in §102(b).  In addition, since the SPIE article allegedly

discloses the '937 patented invention, it clearly was not published "prior to the invention" being

made, as required by §102(a).   In fact, the SPIE article may be the first disclosure of the

invention by the inventors.

The Defendant's discussions and allegations made in the amended Defense and

Counterclaims are thus based on a misreading or misapplication of §102(a) and (b), and are

misleading.

**2.      Alternate Explanations**

Even though the Federal Circuit in *Therasense* held that it is not necessary for an

applicant or patent owner to provide explanations or reasons why there is no intent to deceive,

there are several logical and reasonable explanations why there was not any intent to deceive.

---

[3]   Section 102(a) requires that any prior art must have existed prior to the invention of the patented subject matter.  Here the Defendant has not even mentioned an invention date for the '937 Patent, let alone asserted that the SPIE article or any of its disclosures preceded any such invention date.  Section 102(b) requires that any prior art must have existed more than one year prior to the application filing date.  Defendant has no facts or proof to meet this requirement either.

The Defendant asserts that the Plaintiff's fraudulent intent to deceive was the most reasonable explanation for not including all six authors of the SPIE article as co-inventors on the '937 Patent.  Instead, perhaps the most reasonable explanation is that an initial investigation was conducted and the two additional authors on the SPIE article were not deemed to be inventors; they only worked on the article itself and had nothing to do with the invention.  In addition, since the addition of persons as co-inventors depends legally on whether they submitted anything which is contained in, or covered by, a claim in the application, another possible logical and reasonable explanation is that whatever the two additional authors might have offered or supplied was not included in any claim.

Further, as to the three radiologists' evaluations referred to by the Defendants as not being disclosed to the Patent Office, the most reasonable and logical explanation is that they were subject to confidential or non-disclosure agreements.  It is also possible that they were associates of the inventors and/or working for the same research entity.  The three radiologists could have been employees of the same laboratory as the four named inventors.

In any event, it is clear that the Defendant's allegation of intent to deceive being the most reasonable explanation is pure speculation and is not rational or logical.  Indeed, the Defendant's assertion of possible inequitable conduct is simply another of the baseless assertions of inequitable conduct that became a "plague" in patent litigation prior to *Therasense*.

### C.    An Award of Attorney Fees to Plaintiff is Warranted

The Defendant's attempt to add an inequitable conduct defense and counterclaim to the case in view of the lack of evidence and the direct and express holding of *Therasense*, justifies an award of attorney fees under 28 U.S.C. §1927.  Plaintiff should not have to pay the legal fees for

counsel to prepare and file this Motion to Strike Defendant's unreasonable and vexatious attempt to add clearly unreasonable and unsupported inequitable conduct allegations.

Defendant's conduct in filing and maintaining its Amended Answer in view of the clear legal principles and case law is clearly unreasonable and vexatious.  It also is spurious since Plaintiff's counsel specifically brought the *Therasense* decision to the attention of Defendant's counsel on three separate occasions.  The first was based on an unsuccessful settlement conference prior to the filing of the Amended pleading, the second was in a Stipulation filed with the Court (Dkt. No. 34, 11/9/16), and the third was the recent required Local Rule 3.01(g) conference where the *Alps South* and *Motorola Mobility* Florida District Court decisions were also brought to Defendant's attention.

As a result, the insistence by Defendant's counsel to first file and then maintain its Amended Answer, requiring Plaintiff to prepare and file this Motion constitutes unreasonable and vexatious behavior prohibited by 28 U.S.C. §1927[4].  Thus, it requires reimbursement of Plaintiff's attorney fees.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff, the University of South Florida Research Foundation, Inc., respectfully requests this Court enter an Order granting this Motion and striking the Defendant's recently filed "Amended Answer, Additional Defenses, and Counterclaims."

---

[4]   28 U.S.C. §1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Plaintiff also respectfully requests that this Court enter an Order pursuant to 28 U.S.C.

§1927 requiring reimbursement to Plaintiff for its attorney fees relative to this matter.


Dated:  November 28, 2016                    Respectfully Submitted,


                                             **s/ GREGORY A. HEARING**
                                             Gregory A. Hearing
                                             Florida Bar No:  817790
                                             201 N. Franklin Street, Suite 1600
                                             Tampa, FL 33602
                                             (813) 273-0050
                                             (813) 273-0072 - Fax
                                             ghearing@tsghlaw.com

                                             John A. Artz (P24679) (Admitted *Pro Hac Vice*)
                                             Franklin M. Smith (P76987) (Admitted *Pro Hac Vice*)
                                             DICKINSON WRIGHT PLLC
                                             2600 W. Big Beaver Rd., Suite 300
                                             Troy, Michigan 48084
                                             (248) 433-7200
                                             (248) 433-7274 - Fax
                                             jartzsr@dickinsonwright.com
                                             fsmith@dickinsonwright.com

                                             John K. Harrop (38548) (Admitted *Pro Hac Vice*)
                                             P.O. Box 320171
                                             Alexandria, VA  22320
                                             Telephone: (202) 230-6480
                                             harrop@vapatent.com

                                             *COUNSEL FOR PLAINTIFF/COUNTERCLAIM*
                                             *DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: *s/ Gregory A. Hearing*
Gregory A. Hearing
Florida Bar No:  817790
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
(813) 273-0050
(813) 273-0072 - Fax
ghearing@tsghlaw.com