UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNIVERSITY OF SOUTH FLORIDA**
**RESEARCH FOUNDATION, INC.**

    **Plaintiff/Counterclaim Defendant,**

    Case No. 8:16-cv-01194-MSS-TGW

vs.

    JURY TRIAL DEMANDED

**FUJIFILM MEDICAL SYSTEMS USA,**
**INC.**

    **Defendant/Counterclaimant.**
_____/

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S**
**RESPONSE TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, University of South Florida Research Foundation ("USFRF" or "Plaintiff") by its undersigned counsel, files its answer and response to Defendant/Counterclaimant's ("Defendant") Amended Answer, Additional Defenses and Counterclaim.

This Answer and Response is not believed necessary in view of the concurrently filed Motion to Strike the only two items which were added to Defendant's defenses and counterclaims in its originally filed Answer, Defenses and Counterclaim (Dkt. No. 27, 8/15/16). This document is only being filed out of an abundance of caution.

    **A.**    **Response to Amended Answer and Additional Defenses**

The only amendment included to Defendant's Defenses is the addition of the "SEVENTH DEFENSE (Inequitable Conduct)."

Plaintiff denies all of the contents, assertions and allegations in such Seventh Defense; and is concurrently filing a Motion to Strike to have it dismissed from the case.

### B.       Response to Counterclaims

#### THE PARTIES

1.       Plaintiff admits that Fujifilm Medical Systems, Inc., ("FMSU") is a corporation organized and existing under the laws of the State of New York, and has an existing place of business at 419 West Avenue, Stanford, Connecticut  06902, as stated in Paragraph 1 of the Counterclaims.

2.       Plaintiff admits the allegations in Paragraph 2 of the Counterclaims.

#### JURISDICTION AND VENUE

3.       Plaintiff admits that allegations in Paragraph 3 of the Counterclaims.

4.       Plaintiff admits the allegations in Paragraph 4 of the Counterclaims.

5.       Plaintiff admits the allegations of Paragraph 5 of the Counterclaims.

#### GENERAL ALLEGATIONS

6.       Plaintiff hereby reasserts the replies set forth above in Paragraphs 1-5 in response to Paragraph 6 of the Counterclaims.

7.       Plaintiff admits the allegations of Paragraph 7 of the Counterclaims.

8.       Plaintiff admits the allegations of Paragraph 8 of the Counterclaims.

9.       Plaintiff denies the allegations of Paragraph 9 of the Counterclaims.

10.      Plaintiff denies the allegations of Paragraph 10 of the Counterclaims.

11. As to Paragraph 11 of the Counterclaim, Plaintiff admits that the Complaint and Amended Complaint accuses FMSU of infringing the claims of the '937 patent and that an actual case or controversy exists between FMSU and USFRF. Plaintiff denies that the '937 patent is not infringed by FMSU and denies that the '937 patent is invalid.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

12. In response to Paragraph 12 of the Counterclaims, Plaintiff hereby reasserts the replies set forth above with respect to Paragraphs 1-11.

13. Plaintiff denies the allegations as set forth in Paragraph 13 of Count I of FMSU's Counterclaims.

WHEREFORE, Plaintiff prays for a judgment that FMSU's accused products infringe the claims of the '937 patent, and for the other matters as set forth in the Prayer for Relief as set forth in the Complaint and Amended Complaint. Plaintiff also requests that judgement be entered in its favor and against FMSU relative to all of FMSU's requests for relief as set forth in Count I of the Counterclaims.

## COUNT II
## DECLARATION OF PATENT INVALIDITY

14. In response to Paragraph 14 of the Counterclaims, Plaintiff hereby reasserts the replies set forth above with respect to Paragraphs 1-13.

15. Plaintiff denies the allegations as set forth in Paragraph 15 of Count II of FMSU's Counterclaims.

WHEREFORE, Plaintiff prays for a judgment that the '937 patent is not invalid, but instead is fully valid and enforceable. Plaintiff also requests that judgment be entered in its favor and against FMSU relative to all of FMSU's requests for relief as set forth in Count II of the Counterclaim.

## COUNT III
## DECLARATION OF UNENFORCEABILITY
## BY REASON OF INEQUITABLE CONDUCT

Plaintiff is concurrently filing a Motion to Strike this Count III Counterclaim. However, to retain all of Plaintiff's rights, or in case the Motion to Strike is denied or otherwise dismissed, the Plaintiff provides the following response to Count III.

16.     In response to Paragraph 16 of the Counterclaims, Plaintiff hereby reasserts the answers set forth above with respect to Paragraphs 1-16 and with respect to the denials of the Seventh Additional Defense.

17.     Plaintiff denies all of the allegations of Paragraph 17 of Count III of the Counterclaims.

WHEREFORE, if Count III is not dismissed or stricken from the case pursuant to Plaintiff's Motion to Strike, Plaintiff prays for a judgment that all of the claims of the '937 Patent are enforceable and that there has been no inequitable conduct. Plaintiff requests a judgment be entered in its favor relative to all of FMSU's requests and allegations as set forth in Count III of the Counterclaims.

## DEMAND FOR JURY TRIAL

Plaintiff acknowledges that FMSU has requested a jury trial in this case.

Dated:  November 28, 2016	Respectfully Submitted,

	s/Gregory A. Hearing
	Gregory A. Hearing
	Florida Bar No:  817790
	201 N. Franklin Street, Suite 1600
	Tampa, FL 33602
	(813) 273-0050
	(813) 273-0072 - Fax
	ghearing@tsghlaw.com

	John A. Artz (P24679) (Admitted *Pro Hac Vice*)
	Franklin M. Smith (P76987) (Admitted *Pro Hac Vice*)
	DICKINSON WRIGHT PLLC
	2600 W. Big Beaver Rd., Suite 300
	Troy, Michigan 48084
	(248) 433-7200
	(248) 433-7274 - Fax
	jartzsr@dickinsonwright.com
	fsmith@dickinsonwright.com

	John K. Harrop (38548) (Admitted *Pro Hac Vice*)
	P.O. Box 320171
	Alexandria, VA  22320
	(202) 230-6480
	harrop@vapatent.com

	*COUNSEL FOR PLAINTIFF/COUNTERCLAIM DEFENDANT*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28th, 2016, a copy of the foregoing document has been filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| David W. Marston Jr.<br>Florida Bar No. 0111636<br>Morgan, Lewis & Bockius, LLP<br>200 S. Biscayne Blvd., Suite 5300<br>Miami, Florida 33131-2339<br>david.marston@morganlewis.com | Jitsuro Morishita (admitted *pro hac vice*)<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C. 20004-2541<br>Jitsuro.morishita@morganlewis.com |

*COUNSEL FOR DEFENDANT/COUNTERCLAIMANT*

**s/ Gregory A. Hearing**
Attorney