**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.,

    Plaintiff/Counterclaim Defendant,    Case No. 8:16-cv-01194-MSS-TGW

vs.

FUJIFILM MEDICAL SYSTEMS U.S.A.,
INC.,

    Defendant/Counterclaimant.

_____/

**DEFENDANT/COUNTERCLAIMANT FUJIFILM MEDICAL SYSTEMS U.S.A.,
INC.'S MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 7**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 3.04, Defendant/Counterclaimant FUJIFILM Medical Systems U.S.A., Inc. ("Fujifilm") hereby moves to compel Plaintiff/Counterclaim Defendant University of South Florida Research Foundation, Inc. ("USFRF") to answer Fujifilm's Interrogatory No. 7.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Fujifilm certifies that its attorneys conferred with counsel for USFRF in a good faith effort to resolve the issues raised by this motion. Details regarding these efforts are set forth below. USFRF's counsel indicated that they would oppose the relief sought in this motion.

## MEMORANDUM OF LEGAL AUTHORITY

**I.     INTRODUCTION**

Interrogatory No. 7 seeks the factual and legal bases for USFRF's allegations that Fujifilm has infringed U.S. Patent No. 6,630,937 ("the '937 patent") and an identification of where each element of the claims of the '937 patent is alleged to be present in the accused products. This basic information is fundamental to Fujifilm's defenses, and USFRF is presumed to have it as a result of the requisite pre-suit investigation. Accordingly, Fujifilm's request imposes no undue burden on USFRF. Moreover, the Court's Case Management and Scheduling Order required USFRF to disclose the information requested by Interrogatory No. 7 on January 3, 2017 in USFRF's infringement contentions. (Dkt. 30). However, neither USFRF's infringement contentions, nor its responses to Interrogatory No. 7, disclose the required information. Accordingly, Fujifilm moves to compel USFRF to answer Interrogatory No. 7.

**II.    DISCOVERY REQUEST TO WHICH THIS MOTION IS DIRECTED**

The present motion concerns Fujifilm's Interrogatory No. 7. Pursuant to Local Rule 3.04(a), Fujifilm provides a full quotation of this interrogatory, as well as USFRF's objections and responses below.

> **Interrogatory No. 7**
>
> State the factual and legal bases for your assertion that FMSU [Fujifilm] has infringed, and is infringing, the '937 patent and identify where in the accused products each element of each claim of the '937 patent is alleged to be present.

Ex. A at 8.[1]

### USFRF Initial Response

A.  <u>Objection</u>.  This Interrogatory, which is tendered as a single Interrogatory, is, in fact, several interrogatories, and thus is objectionable on that basis.  Subject to the above General Objections, Plaintiff also objects to the terms "identify" and "alleged" as set forth above.

B.  <u>Response</u>.  The Defendant is referred to the Complaint in this case where the accused products and systems are identified and the features thereof are stated to meet the elements of each of the claims of the '937 patent.

Ex. B at 11-12.

USFRF's Supplemental Response (February 2, 2017):

### C.     **USFRF Supplemental Response**

Defendant also is referred to Plaintiff's Infringement Contentions (USF-0001234-0001283) and the websites, video presentations, Defendant's documents on the internet, and Defendant's public presentation at the 2016 RSNA Meeting, all referred to in such Contentions, as well as the Claim Chart included as part of the Infringement Contentions.  In addition, Defendant is referred to the websites referred to in the Complaint and Amended Complaint in this case, the documents contained in Exhibit B to both the original Complaint and Amended Complaint, and Defendant's public demonstrations at the 2015 RSNA Meeting.

Plaintiff reserves the right to supplement this Interrogatory response as discovery proceeds and after further proceedings in this case, including any claim construction by the Court.  Plaintiff further reserves the right to supplement this Interrogatory response after Plaintiff completes its review of the roughly 20,000 pages that Defendant produced on January 25, 2017.  Prior to receipt of those documents, Defendant has not produced any documents to date regarding the structure, operation, etc. of the accused products.

Ex. C at 6-7.

---

[1] Citations to "Ex. __" refer to the exhibits to the Declaration of Jacob A. Snodgrass in Support of Defendant/Counterclaimant Fujifilm Medical Systems U.S.A., Inc.'s Motion to Compel Response to Interrogatory No. 7 ("Snodgrass Decl."), filed herewith.

3

**III. STATEMENT OF THE REASONS THE MOTION SHOULD BE GRANTED**

Pursuant to Local Rule 3.04(a), Fujifilm submits that this motion should be granted because the discovery sought is highly relevant to this case as it addresses USFRF's infringement contentions and its interpretation of the asserted patent. Moreover, the discovery poses no undue burden on USFRF as it is presumed to have this information as a result of the requisite pre-suit infringement investigation.

**IV. STATEMENT OF THE PERTINENT FACTS**

On May 12, 2016, USFRF filed a Complaint alleging that Fujifilm infringes all claims of the '937 patent. (Dkt. 1) On July 28, 2016, USFRF filed an Amended Complaint that similarly alleges infringement of all claims of the '937 patent. (Dkt. 23) The '937 patent includes 17 claims, four of which are independent. (Dkt. 23-1 at col. 8, l. 53 – col. 10, l. 65) The Amended Complaint comprises four counts, each directed at the four independent claims of the '937 patent and their respective dependent claims. (Dkt. 23 at ¶¶ 15-43) In each count, USFRF characterizes the various claim elements and alleges that the "description" of each claim element "corresponds to" Fujifilm's products. (Dkt. 23 at ¶¶ 16-20, 25-27, 32-34, 39-40)

On October 28, 2016, Fujifilm propounded its first set of interrogatories, including Interrogatory No. 7, which is reproduced in Section II above. USFRF served its initial response on November 28, 2016. That response is also reproduced in Section II above.

When Fujifilm's counsel first raised the inadequacy of USFRF's response to Interrogatory No. 7, USFRF directed Fujifilm to the Infringement Contentions USFRF served on January 3, 2017 as a "further response to [Interrogatory No. 7]." Ex. D. Fujifilm's

4

counsel informed USFRF's counsel that the infringement contentions were similarly inadequate, and the parties met and conferred on January 26, 2017.  During that conference, USFRF promised to supplement its response to Interrogatory No. 7.  Snodgrass Decl. at ¶ 3.  On February 2, 2017, USFRF served the supplemental response reproduced in section II.

On February 6, 2017, Fujifilm's counsel informed USFRF's counsel that the supplemental response did not address the deficiencies that were discussed during the meet and confer and asked whether any further supplementation was forthcoming.  Ex. E.  USFRF responded by stating that it believed it had satisfied its obligations and did not indicate that it had an intention of further supplementing its response to Interrogatory No. 7.  Ex. E.  Accordingly, Fujifilm communicated its intent to file this motion to compel (Ex. E), and during a subsequent meet and confer on February 23, 2017.  USFRF's counsel stated that USFRF would oppose this motion.  Snodgrass Decl. at ¶ 4.

### V. LEGAL STANDARD

The Federal Rules of Civil Procedure define the scope of discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Proportionality is assessed in view of, among other factors, "the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 37 provides a mechanism for a party to compel the answering of an interrogatory. FED. R. CIV. P. 37(a)(3)(B)(iii). According to this Rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure

5

to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

## VI.   ARGUMENT

Interrogatory No. 7 should be answered without further delay. This interrogatory seeks basic information that is central to this case. Moreover, USFRF is presumed to have this information as a result of its pre-suit infringement investigation. Thus, Fujifilm's request imposes no burden on USFRF.

### A.   **Interrogatory No. 7 Seeks Relevant Information**

Interrogatory No. 7 seeks information that is highly relevant to this dispute. In particular, it requests that USFRF provide the bases for its infringement allegations, including by identifying where the claim elements are allegedly present in the accused products. Ex. A at 8. This information will inform Fujifilm about how USFRF is reading the claims of the '937 patent and allow Fujifilm to fully develop its invalidity and non-infringement theories. Due to the importance of such information, it is customarily requested and provided in patent cases. Indeed, many districts require this information to be disclosed as part of infringement contentions.[2] Here, the Court's Case Management and Scheduling Order also required USFRF to disclose the information requested in Interrogatory No. 7 by January 3, 2017. (Dkt. 30 at 2)  However, neither USFRF's infringement contentions, nor its responses to Interrogatory No. 7, contain the required information.

Although the information sought in Interrogatory No. 7 is highly relevant in any patent case, it is especially relevant here, where the asserted patent uses vague and functional

---

[2]   *See* Northern District of California Patent Local Rule 3-1 (available at http://cand.uscourts.gov/localrules/patent); Eastern District of Texas Patent Local Rule 3-1 (available at http://www.txed.uscourts.gov/page1.shtml?location=rules:local).

6

language to describe the invention.  On December 1, 2016, Fujifilm moved for judgment on the pleadings because the '937 patent contains means-plus-function claim elements and fails to disclose the requisite structure corresponding to the claimed functions.  (Dkt. 38)  Further, in their recently-served Initial Identification of Disputed Claim Terms, the parties identified dozens of terms that require construction.  Fujifilm identified forty-nine terms, and USFRF identified twenty-nine.  Snodgrass Decl. at ¶ 5.  The pending motion and the large number of disputed claim terms reveal the uncertainty of the bounds of the purported invention of the '937 patent.  The need to fully understand USFRF's infringement contentions is therefore especially pronounced here.

  **B. USFRF Is Presumed to Have Sufficient Information to Answer Interrogatory No. 7**

  Fujifilm's Interrogatory No. 7 seeks information that USFRF presumably already has within its possession.  Assuming USFRF undertook the requisite pre-suit infringement investigation, it has information sufficient to demonstrate a plausible theory of infringement.  Under Rule 11(b), all papers submitted to the court carry with them an implicit certification that, among other things, (1) the legal contentions are warranted by existing law or a nonfrivolous argument for modifying existing law, and (2) the factual contentions have or will likely have evidentiary support.  In the context of a patent infringement complaint, an attorney who files the complaint is presumed to have performed an adequate pre-filing infringement investigation.  Indeed, the Federal Circuit Court of Appeals has declared that the presence of an infringement analysis "plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).

At a minimum, this investigation requires an attorney to compare the claims to an accused device and conclude that there is a reasonable basis for a finding of infringement. *Id.* Taking it further, a leading treatise declares that the pre-filing investigation should include "an independent examination by counsel of the accused product, an analysis of the patent claims, including a claim construction analysis that accounts for the prosecution history, and a comparison of the construed claims to the accused product." 5 ROBERT A. MATTHEWS, JR., ANNOTATED PATENT DIGEST § 33:43 (Dec. 2015). While undertaking this investigation, the attorney must apply a reasonable claim construction. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1329 (Fed. Cir. 2011). The Federal Circuit has also noted that when multiple products are accused, the patentee need not inspect each product separately; however, "the evidence uncovered by the patent holder's investigation must be sufficient to permit a reasonable inference that all the accused products infringe." *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002). If the attorney does not perform a reasonable pre-filing investigation, he or she is potentially subject to sanctions under Rule 11. *See, e.g.*, *Source Vagabond Sys., Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291 (Fed. Cir. 2014) (affirming over $200,000 in sanctions); *Eon-Net* (affirming over $141,000 in sanctions); *View Eng'g* (affirming over $97,000 in sanctions).

### C.     USFRF Has Not Answered Interrogatory No. 7

USFRF failed to adequately answer Interrogatory No. 7. In its initial and supplemental responses, reproduced in section II, USFRF points only to its Complaint and Infringement Contentions, and documents cited therein. Neither provides the information requested in Interrogatory No. 7. Under the Federal Rules of Civil Procedure, USFRF's

inadequate response to Interrogatory No. 7 is considered a failure to answer the interrogatory. FED. R. CIV. P. 37(a)(4).

The Amended Complaint fails to match the claim elements to the accused products or otherwise set forth the bases of USFRF's infringement theory. Rather, the Amended Complaint characterizes the various claim elements and alleges that the "description" of each claim element "corresponds to" Fujifilm's products. (Dkt. 23 at ¶¶ 16-20, 25-27, 32-34, 39-40) The marketing documents and webpages for the accused products attached to the Amended Complaint are similarly unhelpful. (Dkt. 23-2) The marketing documents and webpages merely provide a general description of the accused products. They do not show any bases of infringement and do not match the claim elements to features of the accused products.

USFRF's Infringement Contentions are also deficient. The contentions merely list a few items of "evidence," such as certain YouTube videos, and conclude with a chart that lists each element of the asserted claims and, next to each element, includes a statement that Fujifilm allegedly satisfies each claim element based on one or more of the items of "evidence." Ex. F. These contentions provide no indication as to what aspects of the accused products match with the claim elements. Nor do they otherwise provide any indication as to how USFRF is reading the claims of the '937 patent.

###    D.    USFRF Cannot Stand on Its Numerosity Objection

USFRF cannot avoid answering Interrogatory No. 7 on the basis that Fujifilm allegedly propounded more than twenty-five interrogatories. *See* Case Management and Scheduling Order (Dkt. 30) at 4 (limiting number of interrogatories, absent leave, to twenty-

five). Even assuming that Fujifilm propounded more than twenty-five interrogatories and USFRF properly lodged an objection, neither of which Fujifilm concedes, USFRF has waived any numerosity objection.

A party that wishes to lodge and stand on a numerosity objection in responding to interrogatories must answer the first twenty-five interrogatories and object to the rest. *Paananen v. Cellco Partnership,* No. C08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009). If it answers more, it waives its objection. *Id.* Similarly, a party that contends it was served with more than twenty-five interrogatories may not selectively pick which twenty-five of the set to answer. A leading treatise on Federal Practice declares that such a practice "would clearly be improper." 7 *Moore's Federal Practice* § 33.30. Rather, it must answer each of the first twenty-five interrogatories, and object to the remainder. *Id.*

USFRF did not properly stand on its numerosity objection for two reasons. First, USFRF stated that it "provide[d] responses sufficient to respond to 25 subparts, with at least some responses to each numbered interrogatory." Ex. B at 2. ***Interrogatory No. 7 was one of the interrogatories to which USFRF responded***. Second, USFRF waived any numerosity objection it may have had by choosing the interrogatories to which it would respond. *Paananen*, 2009 WL 3327227, at *5; *Moore's* at § 33.30.

### VII.  CONCLUSION

For the foregoing reasons, Fujifilm respectfully requests this Court enter an Order compelling USFRF to fully answer Interrogatory No. 7, including by providing at least the information that USFRF obtained during its pre-suit infringement investigation.

DATED:  March 3, 2017

*s/Jacob A. Snodgrass*
David W. Marston Jr.
Florida Bar No. 0111636
Morgan Lewis & Bockius LLP
200 South Biscayne Blvd., Suite 5300
Miami, Florida 33131-2339
Telephone:    305.415.3000
Facsimile:     305.415.3001
david.marston@morganlewis.com

Jacob A. Snodgrass (admitted *pro hac vice*)
Jitsuro Morishita (admitted *pro hac vice*)
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone:    202.739.3000
Facsimile:     202.739.3001
jacob.snodgrass@morganlewis.com
jitsuro.morishita@morganlewis.com

*Counsel for Defendant /Counterclaimant FUJIFILM Medical Systems U.S.A., Inc.*

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on March 3, 2017 via the Court's ECF system.

*s/Jacob A. Snodgrass*
Jacob A. Snodgrass