**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNIVERSITY OF SOUTH FLORIDA**
**RESEARCH FOUNDATION, INC.**

      **Plaintiff/Counterclaim**
      **Defendant,**

vs.                                                                                 Case No. 8:16-cv-01194-MSS-TGW

**FUJIFILM MEDICAL SYSTEMS USA,**
**INC.**

      **Defendant/Counterclaimant.**
_____/

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S**
**OPPOSITION TO DEFENDANT/COUNTERCLAIMANT'S**
**MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 7**

Plaintiff/Counterclaim Defendant, University of South Florida Research Foundation ("USFRF"), by and through its undersigned counsel, hereby submits this Opposition to Defendant/Counterclaimant Fujifilm Medical Systems U.S.A., Inc.'s ("Fujifilm") Motion to Compel Response to Interrogatory No. 7. (Dkt. No. 58, "Motion".)

**I.      INTRODUCTION**

Fujifilm's Motion stems from a disingenuous premise and Fujifilm should be sanctioned for forcing USFRF to respond. Fujifilm's computerized mammography digital imaging systems, which perform all of the functions and operations required by the claims of U.S. Patent No. 6,630,937 ("the '937 Patent"), are operated by its confidential computer source code. The source code directs the processor to display and manipulate digital mammogram images on monitors in exactly the same way as required by the claims of the

1

'937 Patent – and in the same manner which provides the breakthrough benefits of locating potential cancerous cells in a faster and more accurate manner – and which has improved woman's health care significantly. This is proven by Fujifilm's own internet videos showing the accused products in operation and publicity of the accused products at public trade shows (such as the 2015 and 2016 Radiologist Society of North America ("RSNA") Trade Show in Chicago).

Fujifilm knows that its requests for an element-by-element description of its infringing systems requires an inspection and analysis of its source code, and knows that its current arguments and present Motion are a waste of time until the source code is produced and inspected. Despite Plaintiff's request to have the source code provided over six months ago, Fujifilm has not yet complied. (*See* USFRF's Request for Production No. 13, **Exhibit 1**.) Once that takes place and Plaintiff has inspected the source code, Interrogatory No. 7 can be supplemented.

In addition, USFRF's response and supplemental response to Interrogatory No. 7 identify with particularity where each element of the claims is found in the accused products based on information available in the public domain. Fujifilm also asserts that USFRF is presumed to have all information necessary to respond to Interrogatory No. 7 as a result of its pre-suit investigation. USFRF's adequate and proper pre-suit investigation, including outside counsel's review of Fujifilm's published videos and public product demonstrations, provides the basis for USFRF's good faith belief regarding the functionality of Fujifilm's source code. The exact operation of the source code, however, cannot be confirmed until Fujifilm produces it for review and inspection.

For these reasons and the reasons detailed below, Fujifilm's Motion should be denied. Alternatively, if the Court decides that additional supplementation of Interrogatory No. 7 is required, USFRF requests that the Court first grant an order requiring Fujifilm to produce its source code for inspection.

## II. BACKGROUND

The background relevant to the technology at issue, including the fact that Fujifilm's source code is relevant to the operation of the accused products, was recently described in detail in USFRF's Memorandum in Opposition to Fujifilm's Motion for Judgment on the Pleadings. (Dkt. No. 44.) Rather than repeat this background here, USFRF will only briefly expand on certain additional background information relevant to this Response.

On May 12, 2016, USFRF filed its Complaint alleging Fujifilm's infringement of all claims of the '937 Patent. (Dkt. No. 1.) In preparation for its Complaint, USFRF's outside counsel, as well as its radiologist expert, reviewed substantial information regarding the accused products, including documents and videos published by Fujifilm and personally witnessing public demonstrations at the RSNA trade shows. As a result of these investigations, USFRF concluded that the software enabling operation of Fujifilm's accused products operated in accordance with the claims of the '937 Patent. USFRF incorporated the information from its pre-suit investigation into its Complaint.

On October 28, 2016, Fujifilm propounded contention Interrogatory No. 7 which sought "the factual and legal bases for [USFRF's] assertion that [Fujifilm] has infringed and is infringing, the '937 Patent and identify where in the accused products each element of each claim of the '937 Patent is alleged to be present." (Ex. A to Fujifilm's Motion.) As the

deadline for infringement contentions was forthcoming, and USFRF had not yet reviewed Fujifilm's source code, USFRF timely served an objection and response directing Fujifilm to the Complaint which identified the accused products and features thereof. (Ex. B to Fujifilm's Motion.) Subsequently, and after timely serving its infringement contentions, USFRF served a supplemental response to Interrogatory No. 7 further identifying the information in USFRF's possession establishing infringement of the accused products. (Ex. C to Fujifilm's Motion.) This information included an identification of, *inter alia*, the videos Fujifilm published on its website and the public RSNA product demonstrations, as well as directing Fujifilm to USFRF's infringement contentions and claim charts.

In addition, on August 30, 2016 USFRF propounded its first set of requests for production. Request for Production No. 13 sought "documents which show or disclose the design, development and/or creation of Defendant's digital mammography software." (**Exhibit 1**.) On November 14, 2016 Fujifilm responded (in relevant part):

> Subject to the foregoing objections and without waiver thereof, Fujifilm responds that after execution of an acceptable Confidentiality Agreement, ***Fujifilm will produce non-privileged documents that show the relevant aspects of the software of the accused products identified in the Amended Complaint*** to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

(Fujifilm's Response to Request for Production No. 13, **Exhibit 2**, pp. 12-13, emphasis added.) The parties subsequently executed an acceptable Confidentiality Agreement covering production of source code. (**Exhibit 3**, pp. 2, 14-18.) In other words, in response to a request pursuant to Fed. R. Civ. P. 34, Fujifilm stated that it would produce the relevant software (i.e., source code) for inspection, which is necessary for USFRF to further

4

supplement its response to Interrogatory No. 7. Indeed, Fujifilm's failure to timely produce it is the direct cause of the problem it now blames on USFRF.

**III.     APPLICABLE LEGAL STANDARDS**

FRCP 26(b)(1) provides for the general scope of discovery and states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (Emphasis added)  This provision requires the Court to limit requested discovery where the information sought is simply not available to the party from which discovery is requested.

In addition, and with respect to infringement contentions:

> The purpose of infringement contentions is to provide the defendant with notice of the plaintiff's theories of infringement beyond what is disclosed in the complaint.  Additionally, where a plaintiff accuses a large number of products and asserts that each accused product infringes the asserted technology in the same way, a representative accused product can be used to outline the plaintiff's infringement contentions against other accused products.

*ParkerVision, Inc. v. Qualcomm Inc*., 2015 WL 4751354, at *3 (M.D. Fla. 2015) (internal citations removed).[1]  In cases where specific infringing steps are performed in software code which is held by the defendant alone, a plaintiff may rely upon the resulting manifestation of that software code in its infringement contentions. *American Video Graphics L. P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558 (E.D. Tex. 2005).  In *American Video Graphics,* the

---

[1] Copies of the non-publicly reported decisions cited herein are provided for the Court's convenience in (**Exhibit 5**.)

Court considered the issue of the sufficiency of infringement contentions in the Defendant's motion to compel supplemental contentions regarding certain accused products which used software code to allegedly infringe the patent at issue. The Federal District Court denied the Defendant's motion, concluding that "[Plaintiff/patent owner] AVG has complied with [Local Patent] Rule 3–1(c) to the best of its current ability," and stated:

> In non-software patent cases, plaintiffs are usually able to purchase defendants' products and ascertain the mechanics of how those products infringe before plaintiffs bring suit. But, *there are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need*. Software cases present unique challenges for the parties and the courts because, *prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself*. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, *plaintiffs are typically unable to give highly specified infringement contentions*.

*Id*. at 560 (emphasis added).

A defendant in a case alleging patent infringement by software-based products must provide the plaintiff with access to its source code *before* the plaintiff can be expected to show exactly where the accused software-based products infringe each limitation. *See France Telecom. S.A. v. Marvell Semiconductor, Inc.*, 2013 WL 1878912, at *4 (N.D.Cal. 2013) ("there are times when [a] plaintiff's preparation is restricted by defendants' sole possession of the information plaintiffs need … therefore, [plaintiff] must identify how [defendant's] "products infringe with as much specificity as possible *with the information currently available to it*."); *see also*, *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at *6 n.7 (N.D.Cal. 2012) (noting "courts' 'recognition' that there are situations where a plaintiff is constrained by defendants' sole possession of information" which "relates to cases involving

allegedly-infringing source code") (internal citation removed); *see also*, *Network Caching Tech. LLC v. Novell Inc.*, 2002 WL 32126128, at *7 (N.D. Cal. 2002) (holding that plaintiff was not required to pinpoint the infringing routine or algorithm because the only way to do so "is to analyze the source code, which is solely in the defendant's possession.").

**IV.   ARGUMENT**

    **A.   USFRF's responses to Interrogatory No. 7 are sufficient based on available information.**

USFRF has adequately answered Interrogatory No. 7 by providing, through its initial and supplemental responses, specific references to the portions of Fujifilm's public demonstrations, public literature, and Fujifilm's own videos which all show the infringing results of the specific accused products.  (USFRF's Disclosure of Infringement Contentions, January 30, 2017, **Exhibit 4**, p. 1.)  Furthermore, USFRF has included claim charts in its Infringement Contentions explaining and citing exactly where and how the publicly available documentation indicates that Fujifilm's products infringe each element of each asserted claim of the '937 Patent.  *Id*., pp. 12-19.  Those claim charts are included in the documents produced by USFRF and are cited in its supplemental response.  They were also attached to Fujifilm's Motion as part of Exhibit F (Dkt. 58-7, pp. 13-20).

The accused products include software code to infringe the claims at issue of the '937 Patent. *See Network Caching Tech.* at *6 ("In software patent claims, the structure which provides the means to infringe is the computer or other device programmed with the specific routine within the accused software which performs a specific function."). Similar to *American Video Graphics*, the exact mechanism by which Fujifilm's products infringe the '937 Patent are contained within Fujifilm's confidential software source code, which has not

yet been made available to USFRF. USFRF has requested inspection of the Fujifilm's software source code pursuant to Fed. R. Civ. P. 34, (*see* USFRF's Request for Production No. 13, August 30, 2016 **Exhibit 1**) but has not yet been provided with dates for inspection. Also, similar to *American Video Graphics*, USFRF has provided the most detailed information available, which includes the manifestations of Fujifilm's infringing software code as presented in USFRF's Infringement Contentions.

Fujifilm also contends that that USFRF has waived its numerosity objection with respect to Interrogatory No. 7. Motion pp. 9-10. USFRF disagrees; however, this point is moot because, as discussed above, USFRF has answered Interrogatory No. 7 to the fullest extent possible and has satisfied its requirements under the law.

### B. Upon inspection of Fujifilm's source code, USFRF can further supplement its response to Interrogatory No. 7.

As discovery progresses, USFRF expects to obtain access to the source code of Fujifilm's accused products and will supplement its contentions based on the information it receives at that time. However, and as set forth above, Fujifilm must provide USFRF with access to its source code *before* USFRF can be expected to supplement its infringement contentions and response to Interrogatory No. 7 to show exactly where the accused software-based products infringe each limitation. *Network Caching Tech.* at *7.

### C. USFRF satisfied its pre-suit investigation obligations.

In its Motion, Fujifilm states "[a pre-suit investigation] requires an attorney to compare the claims to an accused device and conclude that there is a reasonable basis for a finding of infringement." Motion at 8. Fujifilm proceeds to cite case law regarding sanctions under Rule 11 for failure to perform a reasonable pre-filing investigation. *Id*.

Although Fujifilm stops short of directly accusing Plaintiff's counsel of sanctionable conduct, its assertions are absurd and are not well taken.

The record in this case is replete with evidence that a thorough pre-suit investigation was conducted in which the claims of the '937 Patent were compared to the accused products to the fullest extent reasonably possible using Fujifilm's publicly available information. Indeed, this information provides a reasonable and good faith basis that Fujifilm infringes the '937 Patent. Specifically, Plaintiff's counsel considered public videos, published documents, and public demonstrations by Fujifilm at the RSNA's annual meetings. In other words, in its pre-suit investigation, Plaintiff's counsel considered a breadth of different publicly available manifestations of Fujifilm's source code, the code itself being in the sole possession of Fujifilm. USFRF has included detailed analyses of its pre-suit investigation in its Complaint, Dkt. 1, in its Amended Complaint, Dkt. 23, and in its Infringement Contentions served on January 3, 2017.

### D.     If the Court orders USFRF to supplement, it should also order Fujifilm to produce.

If the Court finds that a supplemental response to Interrogatory No. 7 is required and thereby orders USFRF to supplement, USFRF requests an order from the Court requiring Fujifilm to immediately produce its source code for inspection. Furthermore, USFRF should be allowed a reasonable time to review and analyze the requested source code and to integrate the information gleaned from the source code into its response to Interrogatory No. 7. Such information would include the particularities of how the accused products infringe the '937 Patent at issue.

### E. USFRF is entitled to its fees in responding to Fujifilm's Motion

As detailed above, Fujifilm's Motion is premised on erroneous assertions and is vexatious in that it seeks redress for an issue of Fujifilm's own making. Indeed, Fujifilm's Motion stems from its own failure to make its source code available for inspection. As such, an award of attorney fees under 28 U.S.C. §1927 is justified. USFRF should not have to pay the legal fees for counsel to prepare and file this response to Fujifilm's unreasonable and vexatious Motion. Thus, the Court should require Fujifilm to reimburse USFRF's attorney fees.

### V. CONCLUSION

For the reasons stated above, USFRF respectfully submits that Fujifilm's Motion to Compel Response to Interrogatory No. 7 lacks merit and should be denied. For the same reasons, USFRF respectfully requests an award of its fees and costs in responding to Fujifilm's meritless Motion.

Dated: March 17, 2017                                   Respectfully Submitted,

s/John A. Artz
John A. Artz
(Admitted Pro Hac Vice)
Michigan Bar No. P24679
Franklin M. Smith
(Admitted Pro Hac Vice)
Michigan Bar No. P76987
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7200
(844) 670-6009 - Fax
jartzsr@dickinsonwright.com
fsmith@dickinsonwright.com

John K. Harrop (Admitted Pro Hac Vice)
Virginia Bar No. 38548
P.O. Box 320171
Alexandria, VA 22320
Telephone: (202) 230-6480
harrop@vapatent.com

Gregory A. Hearing
Florida Bar No. 817790
Benjamin W. Bard
Florida Bar No. 95514
THOMPSON, SIZEMORE, GONZALEZ &
HEARING, P.A.
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
(813) 273-0050
(813) 273-0072 - Fax
ghearing@tsghlaw.com
bbard@tsghlaw.com

*COUNSEL FOR PLAINTIFF/COUNTERCLAIM
DEFENDANT*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on March 17, 2017 via the Court's ECF system.

s/John A. Artz
John A. Artz
