**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC.,

      Plaintiff/Counterclaim Defendant,       Case No. 8:16-cv-01194-MSS-TGW

vs.

FUJIFILM MEDICAL SYSTEMS U.S.A.,
INC.,

      Defendant/Counterclaimant.

_____/

**DEFENDANT/COUNTERCLAIMANT'S MOTION**
**FOR LEAVE TO FILE SECOND AMENDED ANSWER**

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant/Counterclaimant FUJIFILM Medical

Systems U.S.A., Inc. ("Fujifilm") hereby moves for leave to file a Second Amended Answer

in light of the U.S. Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods*

*Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (May 22, 2017).

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Fujifilm certifies that its attorneys conferred with

counsel for Plaintiff/Counterclaim Defendant University of South Florida Research

Foundation, Inc. ("USFRF"), and USFRF's counsel stated that they oppose the relief sought

in this motion.

**MEMORANDUM OF LEGAL AUTHORITY**

**I.    INTRODUCTION**

Fujifilm seeks leave to amend its Answer to assert the defense of improper venue.

Under binding precedent at the time of Fujifilm's previous answers, this defense was not available to Fujifilm.  On May 22, 2017, the U.S. Supreme Court decided *TC Heartland*, upending the law of venue in patent cases and narrowing the districts in which venue is proper.  In light of U.S. Supreme Court and Federal Circuit precedent, this Court must retroactively apply *TC Heartland* to this case.  Given that the defense of improper venue was not available to Fujifilm at the time of its prior pleadings, there has been no waiver and Fujifilm should be granted leave to amend.

## II.      BACKGROUND AND LEGAL STANDARD

USFRF filed this action against Fujifilm on May 12, 2016, and filed an Amended Complaint on July 28, 2016.  (Dkt. 1, Dkt. 23)  In view of *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), the binding precedent at that time, Fujifilm did not contest and could not have contested venue when answering the Amended Complaint.  *See* Dkt. 27 at 2.  Similarly, Fujifilm did not contest and could not have contested venue in its First Amended Answer.  (Dkt. 35 at 2)

The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  In *Fourco Glass Co. v. Transmirra Prds. Corp.*, 353 U.S. 222, 226 (1957), the Supreme Court concluded that, for purposes of § 1400(b), a domestic corporation "resides" only in its State of incorporation.  However, in 1988 Congress amended the general venue statute, 28 U.S.C. § 1391(c), to provide that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in

which it is subject to personal jurisdiction at the time the action is commenced." Judicial

Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669. The Federal Circuit, in

*VE Holding*, held that this 1988 amendment superseded the patent venue statute. *VE*

*Holdings*, 917 F.2d at 1575. Thus, patentees were free to file patent infringement actions in

any State in which an alleged infringer met the personal jurisdiction requirements. The *VE*

*Holding* decision remained the applicable and well-settled law for 27 years.

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, 2017 WL

2216934, at *3, explicitly overruling *VE Holding* and holding that the amendments to

§1391(c) did not modify the meaning of § 1400(b), as interpreted by *Fourco*. The Supreme

Court thus fundamentally changed the law of venue for patent cases.

Pursuant to Rule 15(a)(2), a party may amend its pleadings given leave of court. Fed.

R. Civ. P. Rule 15(a)(2). The Rule provides that leave of court shall be freely given when

justice so requires. *Id.* Therefore, there must be a "justifying reason" for a court to deny

leave. *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing

*Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985)

("substantial reason" needed)).

## III.   ARGUMENT

Fujifilm should be permitted to amend its answer to add a defense of improper venue.

*TC Heartland* has retroactive effect, and Fujifilm has not waived its right to challenge venue

under the *TC Heartland* standard.

### A.   This Court Must Retroactively Apply *TC Heartland* to This Case

*TC Heartland* sets forth the proper venue standard in this case. "The principle that

statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982).  In *Harper v. Va. Dept. of Taxation*, 509 U.S. 86 (1993), the Supreme Court made this point abundantly clear, holding:

> [w]hen [the] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.

*Id.* at 97.  The Court concluded that "a rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law," and extended "to other litigants whose cases were not final at the time of the [first] decision."  *Id.* at 96.

The Federal Circuit has relied on the holding in *Harper* to retroactively apply holdings from subsequent legal decisions to currently pending cases, regardless of the stage of litigation.  *See NeuroRepair, Inc. v. The Nath Law Grp.*, 781 F.3d 1340, 1344 (Fed. Cir. 2015) ("Although the events in the present matter transpired prior to the decision in *Gunn*, the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule.'") (citing *Harper*); *see also Heartland By-Prods., Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009) (citing *Harper* for the proposition that "[t]he general rule is that judicial decisions are retroactive.").

Further, consistent with the rule of retroactivity, district courts have applied *TC Heartland* to pending litigations.  *See, e.g.*, *Stuebing Automatic Mach. Co. v. Gavronsky*, No.

1:16-cv-576, slip op. at 10 (S.D. Ohio June 12, 2017) (finding that venue was improper under

*TC Heartland* and transferring the case); *JM Enters., Inc. v. Ames Cos., Inc.*, No. 4:16-CV-

00626, slip op. at 2 (S.D. Iowa June 13, 2017) (same); *see also ON Semiconductor Corp. v.*

*Power Integrations, Inc.*, No. CV-16-02720-PHX-SPL, slip op. at 2 (D. Ariz. June 1, 2017)

(noting that the Supreme Court's ruling in *TC Heartland* "affects the appropriate venue in

[the] case" and transferring the case).

 *Harper* mandates that this Court apply *TC Heartland* retroactively and grant

Defendant's motion for leave to amend its answer.[1]

## B. Fujifilm Has Not Waived Its Right to Challenge Venue

 Fujifilm's remains free to challenge venue in this case.  Although failure to assert a

defense in a Rule 12 motion or a responsive pleading may act as a waiver, an exception exists

where a defense was not previously available.  *See, e.g.*, *Holzsager v. Valley Hospital*, 646

F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or

---

[1] More than twenty years before *Harper*, the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971), promulgated a three factor balancing test to determine whether a judicial decision should be applied retroactively. Although *Harper* does not expressly overrule *Chevron*, courts around the country have recognized that *Harper*'s mandatory application of retroactivity is inconsistent with *Chevron*'s test and, therefore, it effectively overruled *Chevron*. *See, e.g.*, *Ditto v. McCurdy*, 510 F.3d 1070, 1077 n.5 (9th Cir. 2007) (recognizing implied overruling); *Felzen v. Andreas*, 134 F.3d 873, 877 (7th Cir. 1998) (noting that *Chevron Oil* was overruled in part by *Harper*'s broad rule of retroactivity); *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*, 112 F.3d 652, 672 (3d Cir. 1997) ("the Supreme Court's latest retroactivity jurisprudence has overruled *Chevron Oil*'s equitable balancing test as the determinant of whether a new principle of law will be applied retroactively."); *Mills v. State of Maine*, 118 F.3d 37, 49 (1st Cir. 1997) (holding the Supreme Court has largely rejected the *Chevron Oil* retroactivity analysis); *In re Federated Dep't Stores, Inc.*, 44 F.3d 1310, 1317 (6th Cir. 1995) (recognizing that *Harper* has overruled *Chevron Oil*); *United Food & Commercial Workers Int'l Union, AFL-CIO, Local No. 150–A v. NLRB*, 1 F.3d 24, 35 (D.C. Cir. 1993) (same).

defenses which were not known to be available at the time they could first have been made,

especially when it does raise the objections as soon as their cognizability is made apparent.");

*Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983) ("This language of Rule 12(g)

[relating to defenses 'then available'] logically also applies to Rule 12(h) with the result that

under that subsection defendants do not waive the defense of personal jurisdiction if it was

not available at the time they made their first defensive move."). Stated differently, "an

effective waiver must . . . be one of a 'known right or privilege.'" *Curtis Publishing Co. v.

Butts*, 388 U.S. 130, 143 (1967) (plurality opinion) (*quoting Johnson v. Zerbst*, 304 U.S. 458,

464 (1938)). Thus, the waiver provisions of Rule 12 yield when a venue challenge later

materializes by way of a change in law.

The case *Engel v. CBS, Inc.*, 886 F. Supp. 728 (C.D. Cal. 1995) is on point. There,

the plaintiff filed his complaint in 1985. *Engel*, 886 F. Supp. at 729. Under the governing

statute at that time, venue was proper. *Id.* at 732. The venue statue was amended in 1990

and 1992 removing the basis upon which venue properly was laid. *Id.* at 731-32. However,

whether those amendments applied retroactively was not immediately settled. Thus, when

the defendants filed a motion to dismiss in March 1993, they did not contest venue in that

motion. *Id.* at 730. When the defendants later moved to transfer for improper venue and

convenience, the plaintiff argued that the defendants had waived their right to challenge

venue by failing to challenge it in the prior motion to dismiss. *Id.* The *Engel* Court

disagreed, finding "[d]efendants cannot be faulted for not having raised a defense that they

did not know was available to them." *Id.* at 730. Notably, the court did not charge the

defendants with knowledge that the amended venue statute applied retroactively until the

D.C. Circuit's opinion in *Moore v. Agency for Int'l Development*, 994 F.2d 874 (D.C. Cir. 1993), decided June 15, 1993.  *Id.* at 731.  Thus, the court did not fault the defendants for failing to appreciate that the amendments were retroactive when they were first passed, or even after three district courts found that the amendments applied retroactively.  *Id.*

The *TC Heartland* decision was a change in the law of venue.  Prior to *TC Heartland*, any venue challenge brought by a defendant subject to a personal jurisdiction where suit was brought but not being incorporated in the State and not having a regular and established place of business in the district would have been swiftly rejected under the controlling authority of *VE Holding*.  *See, e.g.*, *Script Sec. Sols., L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, J., sitting by designation) (applying *VE Holding* to reject venue challenge); *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 719 (N.D. Ill. 2011) (same); *Braden Shielding Sys v. Shielding Dynamics of Tex.*, 812 F. Supp. 819 (N.D. Ill. 1992) ("To the extent that *Fourco* and *VE Holding* conflict, we must favor *VE Holding* because, it, and not *Fourco*, construes the amended § 1391(c).").  Now, these same defendants are assured of a dismissal or transfer under the controlling authority of *TC Heartland*.  Thus, as Judge Newman of the Federal Circuit recently said, "[t]here is little doubt that the Court's decision in [*TC Heartland*] was a change in the law of venue."  *In re Sea Ray Boats, Inc.*, No. 2017-127, 2017 WL 2577399, at * 1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting).

While the district courts have only begun to address the ramifications of *TC Heartland*, at least one district court has already held that *TC Heartland* was a sufficient change in law such that failure to lodge an objection in an initial pleading or Rule 12 motion

did not operate as waiver.  In *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297 (W.D. Wash. June 21, 2017), the court found that "*TC Heartland* changed the venue landscape" and that defendants "could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions."  *Id.* at *2.

While two other district courts have held that *TC Heartland* was not a change in the law for purposes of waiver, in both cases, the venue challenge was raised on the eve of trial, unlike the current case.  In *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 2556679 (E.D. Va. June 7, 2017), the court noted:  "Here we are at the final pretrial conference, and considering the state of the proceeding, it seems to me that it would be harsh to rule at this point that venue should be changed."  Ex. A at Appx74.[2]  In its decision, the court found that the defendants "reasonably argued" that the passage of time gave credence to the conclusion in *VE Holding* that *Fourco* was no longer good law.  2017 WL 255679, at *3.  However, the court found that repeated denials of certiorari on *VE Holding* and similar cases did not "compel" that position.  *Id.*

Similarly, in *Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys.*, LLC, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) the court found that the defendants waived their venue defense brought less than two months before trial.  *Id.* at *19, *20-*21.  Indeed, the *Elbit* court drew parallels between that case, "with trial on the horizon," to the Federal Circuit's denial of a petition for a writ of mandamus filed by the

---

[2]    Ex. A is the Exhibit A attached to the Declaration of Jacob A. Snodgrass in Support of Fujifilm's Motion for Leave to File Second Amended Answer, filed herewith.

*Cobalt Boats* defendants, which denial was "[u]nder the circumstances of that case" and "on the eve of trial." *Id.* at *20 n.2.

*Cobalt Boats* and *Elbit* should not be followed here.  This case and those with which it has been consolidated for discovery purposes are at an early stage.  *See Westech*, 2017 WL 2671297, at *2 ("Allowing Defendants to bring this newly-available defense [venue] will not result in unnecessary delay, nor will it unduly prejudice Westech.  This case is only at the pleading stage.").  Indeed, no Markman briefs have been filed, and the deadline for expert reports is eight months away.  (Dkt. 88 at 2)  Thus, contrary to what USFRF may argue, it will suffer little, if any, prejudice if Fujifilm is permitted to add a venue defense.[3]

Accordingly, Fujifilm did not waive a venue defense.  Fujifilm did not previously challenge and could not have previously challenged venue because, under *VE Holding*, venue was proper and any challenge would have been futile.  Just as in *Engel*, Fujifilm cannot be expected to have had the "clairvoyance" to challenge venue in 2016 based on a hunch that the law may change a year later.  *Engel*, 886 F. Supp. at 730; *see also Westech*, 2017 WL 2671297, at *2 ("Defendants could not have reasonably anticipated this sea change.").  Moreover, such a challenge would have been baseless in view of the binding precedent at the time.  *Engel*, 886 F. Supp. at 730 (citing *Holzsager*, 646 F.2d at 796).  Only now, in view of *TC Heartland*, can Fujifilm challenge venue.  Fujifilm has done so expeditiously, raising the issue with opposing counsel fourteen days after the Supreme Court issued its decision.

---

[3]  Moreover, the rule of *Cobalt Boats* and *Elbit* encourages litigants to stuff pleadings with any defense that may thereafter spring into existence.  A better rule is one under which litigants are encouraged to submit streamlined pleadings with the assurance that after-arising defenses can be raised later.

Under these facts, finding waiver would be a draconian application of the waiver provisions of Rule 12.  The consolidation requirement of Rule 12(g) and Rule 12(h) is meant to bring perceived fundamental defects in a case forward for speedy resolution.  *See* 5C WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1390 (3d ed. 2017) ("The two provisions express the closely related objectives of eliminating multiple preliminary motions (Rule 12(g)) and compelling the early assertion of matters in abatement . . . (Rule 12(h)).").  In this case, Fujifilm clearly has not sought to frustrate these goals through clever pleadings and motions practice.  Rather, Fujifilm seeks to raise a defense that only recently was made available to it.

Nor do Fujifilm's counterclaims operate as a waiver.  As a leading treatise on civil procedure notes, "[T]he trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory."  WRIGHT & MILLER § 1397; *see also Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) ("We . . . hold that the filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction . . ."); *Clark v. City of Zebulon*, 156 F.R.D. 684, 694 (N.D. Ga. 1993) ("[T]hat the City filed a counterclaim with its answer does not waive the City's defense of improper service of process.").

In sum, Fujifilm has not waived its right to challenge venue and should be permitted to amend its answer to raise this defense.

## IV.    CONCLUSION

Fujifilm shall be allowed to amend its answer in view of the fundamental change in venue law made by the Supreme Court's ruling in *TC Heartland*.  Fujifilm's ability to raise a

venue defense was not waived since the defense was not previously available to it.   There

being no justifying reason to deny leave, this Court should grant this motion.


DATED:  June 26, 2017                    *s/Jacob A. Snodgrass*
                                         David W. Marston Jr.
                                         Florida Bar No. 0111636
                                         Morgan Lewis & Bockius LLP
                                         200 South Biscayne Blvd., Suite 5300
                                         Miami, Florida 33131-2339
                                         Telephone:     305.415.3000
                                         Facsimile:     305.415.3001
                                         david.marston@morganlewis.com

                                         Jacob A. Snodgrass (admitted *pro hac vice*)
                                         Jitsuro Morishita (admitted *pro hac vice*)
                                         Morgan Lewis & Bockius LLP
                                         1111 Pennsylvania Ave., NW
                                         Washington, DC 20004
                                         Telephone:     202.739.3000
                                         Facsimile:     202.739.3001
                                         jacob.snodgrass@morganlewis.com
                                         jitsuro.morishita@morganlewis.com

                                         *Counsel for Defendant /Counterclaimant*
                                         *FUJIFILM Medical Systems U.S.A., Inc.*

**<u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was filed electronically

and served on all counsel of record on June 26, 2017 via the Court's ECF system.


*<u>s/Jacob A. Snodgrass</u>*
Jacob A. Snodgrass