**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION INC.,**

    **Plaintiff/Counterclaim
    Defendant,**

v.                                                      Case No: 8:16-cv-1194-MSS-TGW

**FUJIFILM MEDICAL SYSTEMS U.S.A.,
INC.,**

    **Defendant/Counterclaimant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss, (Dkt. 117), Plaintiff's response in opposition thereto, (Dkt. 121), and Defendant's reply in support of the Motion, (Dkt. 125).

**I.     BACKGROUND**

Plaintiff/Counterclaim Defendant, University of South Florida Research Foundation Inc. ("USFRF"), alleges that Defendant/Counterclaimant, Fujifilm Medical Systems USA, Inc. ("Fujifilm") is infringing on a United States Patent held by USFRF. (Dkt. 114)  USFRF alleges four counts of infringement of United States Patent Number 6,630,937 (Counts I, II, III, and IV). (Dkt. 114).  In the first amended complaint, USFRF alleged that venue was proper in the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  (Dkt. 23)  Fujifilm did not challenge venue.  Thereafter, the Supreme Court rendered its decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), which addressed venue in regard to patent cases, and

Defendant sought leave to file a second amended answer.  (Dkt. 105).  Consequently, the Court directed USFRF to amend its complaint to properly allege venue in the Middle District of Florida, if it could do so consistent with the Supreme Court's ruling in TC Heartland.  (Dkt. 113)  The Court noted its intention to determine whether venue in this Court is proper in advance of any hearing on substantive challenges.  (Dkt. 113)

USFRF subsequently amended its complaint, alleging that Fujifilm has waived its right to challenge venue, and that Fujifilm has committed acts of infringement and maintains a regular and established place of business in this district under 28 U.S.C. § 1400(b). (Dkt. 114).  Fujifilm then filed a motion to stay and a motion to dismiss pursuant to Rules 12(b)(3) and 12(b)(6).  (Dkts. 115, 117).

Upon consideration of all relevant filings and case law and being otherwise fully advised, and for the reasons that follow, the Court finds that venue is not proper in the Middle District of Florida.  Because the Court finds that venue is improper, the Court does not address Fujifilm's motion to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARD

Proper venue in a civil action for patent infringement is exclusively controlled by 28 U.S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 229 (1957).  Section 1400(b) allows a suit to be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  The Supreme Court has unequivocally held that for purposes of section 1400(b), domestic corporations reside only in their State of incorporation. TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514, 1521 (2017).  To meet the second prong of the venue statute, the

defendant must meet three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action based on improper venue. Fed. R. Civ. P. 12(b)(3). However, the right to challenge venue can be waived if not timely raised. Fed. R. Civ. P. 12(h)(1). This issue of timeliness has been brought to the fore by the Supreme Court's recent decision in TC Heartland in which the Court uprooted more than a decade and a half of reliance on VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990), which had held that the definition of residence in 28 U.S.C. § 1391(c) could be applied to 28 U.S.C. § 1400(b). After the Supreme Court's ruling in TC Heartland, the district courts across the country split on how to handle claims of improper venue that had not been raised prior to the expiration of the deadline set in Rule 12(h)(1). The Federal Circuit has now resolved this issue, holding that TC Heartland changed controlling precedent. In re Micron Technology, Inc., 875 F.3d 1091, 1099 (Fed. Cir. 2017). For that reason, a challenge to venue on the basis that a defendant does not "reside" in a district, as interpreted by TC Heartland, cannot be considered waived if it had not previously been asserted within the time specified by Fed. R. Civ. P. 12(h)(1). Id. at 1099–1100.

The Federal Circuit left open the possibility of a non-Rule 12(h)(1) "forfeiture" of the venue defense. See In re Micron, 875 F.3d at 1100–02 (citing Dietz v. Bouldin, 136 S. Ct. 1885, 1891 (2016) and Fed. R. Civ. P. 1). The court noted, however, that the authority to find such a forfeiture must be exercised "with caution" and must be based on "sound determinations of untimeliness or consent." In re Micron, 875 F.3d at 1101.

Although the Federal Circuit did not provide an exhaustive list of the scenarios that might constitute forfeiture, it did offer one possible example: "a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration." Id. at 1102.  The Federal Circuit also noted that it has recently found "no clear abuse of discretion" in several cases denying a TC Heartland objection made close to trial.  See id. at 1102 n.4.

Ultimately, no matter the basis for the claim that venue lies within the jurisdiction in which a plaintiff files suit, the plaintiff bears the burden of demonstrating that venue is proper.  Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (M.D. Fla. 2004); see also Personal Audio, LLC v. Google, Inc., No. 1:15–CV–350, 2017 WL 5988868, at *5 (E.D. Tex. Dec. 1, 2017) (finding no "Circuit Court case holding that in a § 1400(b) motion to dismiss based on improper venue, the burden of proof is on the movant").  In its consideration of a challenge to a claim of venue, the Court must accept "all allegations of the complaint as true, unless contradicted by the defendant's affidavits," and must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  Brown v. Brown, No. 8:06-CV-1028-T-24TGW, 2007 WL 949424, at *2 (M.D. Fla. Mar. 27, 2007).

### III. DISCUSSION

#### A. Waiver

USFRF first argues that Fujifilm has waived its objection to venue in this district. Fujifilm filed a Rule 12(b)(6) motion directed at USFRF's initial complaint, (Dkt. 19), an answer to the amended complaint, (Dkt. 27), and an amended answer to the amended complaint, (Dkt. 35), all without raising an allegation of improper venue.  Fujifilm did not allege improper venue until USFRF filed its second amended complaint, as directed by

this Court.[1] Normally, Rule 12(h)(1) would operate to defeat Fujifilm's objection as untimely. However, as the Federal Circuit has explained, an objection to venue that was previously unavailable based on controlling law will not be considered waived under Fed. R. Civ. P. 12. Micron, 875 F.3d at 1097 ("No decision of the Supreme Court or a circuit court to which we have been pointed runs counter to this common-sense interpretation [of Rule 12]."). This court is constrained to find that, due to the controlling decision in VE Holding, Fujifilm could not reasonably have objected to venue at the time it filed its initial Rule 12(b)(6) motion. Therefore, based on the clear holding of In re Micron Technology, Inc., the Court finds that Fujifilm's objection, made after the intervening decision of TC Heartland, is not waived by operation of Fed. R. Civ. P. 12(h)(1). Micron, 875 F.3d at 1100.

Further, although the parties have not specifically addressed this issue, the Court finds no other basis for a forfeiture of Fujifilm's improper venue defense. Approximately one month after TC Heartland was decided, Fujifilm sought leave to file a second amended answer. (Dkt. 105) After the Court ordered USFRF to amend its complaint based on TC Heartland, (Dkt. 113), Fujifilm promptly sought to stay proceedings and filed the instant motion to dismiss. (Dkts. 115, 117) Additionally, trial was initially scheduled to occur in January of 2019, and the proceedings have since been stayed pending resolution of the venue issue. (Dkt. 122)

**B.     Venue**

USFR's substantive claim of venue is likewise unavailing. In its timely objection to

---

[1] Because venue is generally a defense that is available at the time the complaint is filed, the filing of an amended complaint does not revive a waived objection to venue. See Vinson v. Koch Foods of Ala., LLC, No. 2:12–CV–1088–MEF, 2014 WL 2589697, at *4 (M.D. Ala. June 10, 2014).

venue, Fujifilm argues that venue cannot be established in this district under 28 U.S.C. § 1400(b).  It is undisputed that Fujifilm is incorporated in the State of New York and therefore venue cannot be established under the first prong of section 1400(b), which provides for venue only where a corporation is incorporated.  TC Heartland, 137 S. Ct. at 1521.

Nonetheless, USFRF alleges venue is still proper under the second prong of section 1400(b), which provides for venue "where the defendant has committed acts of infringement *and* has a regular and established place of business."  28 U.S.C. § 1400(b) (emphasis added).

    1.    Acts of Infringement

The "acts of infringement" element is satisfied if it is merely alleged that the defendant committed direct or indirect acts of infringement within the district.  Symbology Innovations, LLC v. Lego Sys., Inc., No. 2:17–cv–86, 2017 WL 4324841, at *7 (E.D. Va. Sept. 28, 2017).  Here, USFRF alleges that Fujifilm's sales representatives, "located in this jurisdiction, sell and/or offer for sale, one or more of the accused systems."  (Dkt. 52 at ¶ 14)  This is sufficient to meet the "acts of infringement" requirement.  See also Patent Holder LLC v. Lone Wolf Distribs., Inc., No. 17-23060-Civ-Scola, 2017 WL 5032989, at *5 (S.D. Fla. Nov. 1, 2017).

    2.    Regular and Established Place of Business

The second element requires that Fujifilm also have a physical location that is both regular and established.  Cray, 871 F.3d at 1360.  The Federal Circuit has explained that courts should not confuse this patent-specific requirement with related issues such as "personal jurisdiction or the general venue statute."  Id. at 1361.  Congress specifically

designed this requirement to avoid subjecting defendants "to venue based on their transitory presence in the forum." Symbology, 2017 WL 4324841, at *8. Therefore, even conducting a substantial amount of business in the district will be insufficient to establish venue in the absence of an established, physical place of business. See Cray, 871 F.3d at 1632–33.

In the second amended complaint, USFRF alleges:

> Defendant's contacts with this district include, without limitation: deriving significant revenue from the Middle District of Florida; regularly attending and demonstrating products at industry trade shows and conferences in the Middle District of Florida; advertising directly to customers in the Middle District of Florida; maintaining a contractual relationship with BayView Radiology in Tampa, Florida; and selling its products to the Department of Defense which has a significant presence in the Middle District of Florida. Further, Defendant's corporate affiliate, Fujifilm North America Corporation, maintains a regional sales office in the Middle District of Florida.

(Dkt. 114 at ¶ 5) USFRF argues that these contacts show a "permanent and continuous presence" sufficient to establish venue. (Dkt. 121 at 12)

In response, Fujifilm provides affidavit evidence that:

> Fujifilm is headquartered in Connecticut. Fujifilm does not own or lease any offices, plants, or facilities in this District. Fujifilm does not engage secretarial services in this District. Fujifilm does not manufacture products or engage in research and development in this District. Rather, the research and development for the Synapse PACS and Aspire products identified in the [second amended complaint] occur primarily in Morrisville, North Carolina and Japan. Finally, Fujifilm does not retain any inventory of these products in this District.

(Dk. 117 at 5) (internal citations omitted) Additionally, Fujifilm points to its corporate disclosure statement, (Dkt. 20), as evidence that Fujifilm North America Corporation, which USFRF alleges maintains a regional sales office in this district, is not a controlling corporation of the named defendant, Fujifilm. (Dkt. 117 at 7) Fujifilm correctly argues that these contacts are insufficient to meet the exacting standard of the venue statute.

7

USFRF's allegations in support of venue are merely factors that tend to establish Fujifilm is "doing business" within the district, but not that it has a "physical, geographical location in the district from which" that business is carried out. Cray, 871 F.3d at 1361–62. After the decision in Cray, only one of USFRF's allegations merits further discussion.

USFRF argues that venue is supported by Fujifilm's corporate affiliate, Fujifilm North America Corporation. However, the Cray decision made clear that the place of business "must be a place *of the defendant*." 871 F.3d at 1363 (emphasis in original). The presence of corporate affiliates in the district will not establish venue "except where corporate formalities are ignored and an alter ego relationship exists." Post Consumer Brands, LLC v. General Mills, Inc., No. 4:17–CV–2471 SNLJ, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017). Even a corporate subsidiary will not be attributed to a parent company as long as corporate separateness is maintained. Symbology, 2017 WL 4324841, at *10 (citing Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 335 (1925)). Here, Fujifilm's corporate disclosure, (Dkt. 20), shows that Fujifilm neither controls, nor is controlled by, Fujifilm North America Corporation, and USFRF has not alleged any facts to suggest that the two entities have ignored corporate formalities. Compare Symbology, 2017 WL 4324841, at *12 (declining to order venue-related discovery where the plaintiff had not "not proffered any facts suggesting that the corporate separateness between" two corporate entities was "a mere fiction"), with Javelin Pharm., Inc. v. Mylan Labs. Ltd., No. 16–224–LPS, 2017 WL 5953296, at *4 (D. Del. Dec. 1, 2017) (ordering venue-related discovery where the plaintiffs specifically suggested "that formal corporate separateness among the various Mylan entities may not have been preserved").

Accepting all of USFRF's allegations as true, venue is still not proper under the second prong of section 1400(b), and in light of the affidavit filed by Fujifilm, the Court finds no reason to allow USFRF to allow any additional discovery on this point.

**C.     Transfer**

Section 1406(a) states that where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The Court finds that it is in the interest of justice to transfer this action. See Personal Audio, LLC v. Google, Inc., No. 1:15–CV–350, 2017 WL 5988868, at *12 (E.D. Tex. Dec. 1, 2017) (noting that transfer is usually preferred and that dismissal could reduce possible damages under section 286 of the Patent Act).

On the record presented, it appears that venue is proper in New York[2] or the District of Connecticut.  However, "in patent cases, courts generally focus on the location of the infringer's principal place of business since these cases center on the infringer's activities and documents." McCain Foods Ltd. V. J.R. Simplot Co., No. 17-C-1326, 2017 WL 3432669, at *3 (N.D. Ill Aug. 9, 2017).  As such, the Court is inclined to transfer this action to the District of Connecticut, which encompasses Fujifilm's principal place of business.  See also Talsk Research Inc. v. Evernote Corp., No. 16-CV-2167, 2017 WL 4269004, at *6 (N.D. Ill. Sept. 26, 2017) (finding the interests of justice to support a transfer to the district of the defendant's principal place of business over the plaintiff's

---

[2] See Anza Tech., Inc. v. Toshiba Am. Elec. Components, Inc., No. 2:17-01688 WBS DB, 2017 WL 6538994, at *3 (E.D. Cal. Dec. 21, 2017) (holding that "implicit in the Supreme Court's statement that a domestic corporation resides only in its state of incorporation is the corollary that the corporation resides in every federal judicial district within the state where it is incorporated"); see also Diem LLC v. BigCommerce, Inc., No. 6:17-CV-00186, 2017 WL 3187473, at *3 (E.D. Tex. July 26, 2017) (holding that a corporation "resides in all the judicial districts of that state where it may pursue its commercial objectives").

express desire for a transfer to the defendant's district of incorporation). The Court is cognizant, however, of the deference generally given to a plaintiff's choice of forum. Because USFRF has not indicated any preference for an alternative venue, the Court will allow USFRF to advise the Court of its preference, upon conferral with Fujifilm.

### IV.     CONCLUSION

Upon consideration of the foregoing, the Court finds that venue is improper in the Middle District of Florida, Tampa Division. It is hereby **ORDERED** that within **twenty (20) days** of the date of this Order, the parties **SHALL** advise the Court as to whether this action should be dismissed without prejudice or transferred to another district. Specifically, USFRF shall advise the Court of the venue in which it intends to pursue this action, if any. In the event USFRF elects to have this action dismissed, Fujifilm shall advise the Court as to whether the counterclaims should also be dismissed. Failure to respond in the allotted time will result in the transfer of this action to the United States District Court for the District of Connecticut.

**DONE and ORDERED** in Tampa, Florida, this 28th day of December, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
All Counsel of Record
Any Unrepresented Persons